HALLETT ET AL. *v.* CALVERT ET AL.

[No. 26,125.    Filed June 26, 1934.]

*Walter F. Wood*, for appellants.

*William R. Nesbit*, for appellees.

FANSLER, J.—Appellants, describing themselves as Gill Township Levee Committee, brought this action to condemn certain real estate under §7681, Burns 1926, §3-1702, Burns 1933, §14062, Baldwin's 1934. The complaint conforms to the statutory requirements. Appellees filed objections, as provided by §7684, Burns 1926, §3-1705, Burns 1933, §14065, Baldwin's 1934. The court heard evidence, and found that "the plaintiffs do not have the right to exercise the power of eminent domain to the extent to which they proposed to appropriate the property of the defendants herein and that defendants' objections should be sustained and the same are hereby sustained." From this ruling appellants appeal.

Appellees contend that the appeal should be dismissed since it was perfected more than thirty days after the filing of the appeal bond, relying upon the last part of §7684, *supra*. That part of the section, however, provides for appeals by defendants. Appeals by plaintiffs are taken "in the manner that appeals are taken from final judgments in civil actions," as provided in the same section.

The case seems to have been decided below upon the theory that the powers of the levee committee are confined to making necessary repairs to the levee to keep and maintain the same in its original condition, and that the court had jurisdiction and

power to hear evidence and determine whether or not in its judgment the condemnation of the land and the use thereof is necessary. Section 9588, Burns 1926, §27-816, Burns 1933, is as follows:

> "Any person or persons, officer or officers, corporation or association authorized by law to maintain, protect, or repair any levee now or hereafter constructed under any law of the State of Indiana shall have the right to purchase for the use of any such levee whatever ground may be necessary to protect, maintain or repair such levee; and whenever, in the opinion of any such person or persons, officer or officers, corporation or association, it shall be considered necessary to purchase real estate for such use or purpose and they are unable to agree with the owner thereof, they may proceed to acquire such real estate by condemnation in the same manner and with the same effect as provided by law for the condemnation of real estate for railroad purposes."

This statute vests the fullest discretion in the levee committee, and, if, in the judgment of the committee, the ground sought to be condemned was necessary not only to repair or maintain the levee, but to protect it, the committee has the power to condemn, and its judgment in the premises cannot be questioned or superseded by the judgment of the court.

It appears from the evidence that was heard that part of the levee consists of a natural ridge over which water had flowed in times of extreme high water, and that the land sought to be condemned was upon certain high ground which stood back and away from the original line of the levee, and that it was proposed to build a protective wall or levee on this new ground. The levee committee may be mistaken in its judgment as to the best method of protecting the levee, and as to the expediency of purchasing the ground in question, but the statute rests the discretion in the committee, and not in the court. Appellees have ample protecion. They will be compensated for the land condemned.

Judgment reversed, with instructions to overrule appellees' objections, and for further proceedings as provided by statute.