STATE OF INDIANA *v.* WOOD.

[No. 27,598. Filed February 9, 1942.]

*George N. Beamer,* Attorney General, *Caleb J. Lindsey,* Deputy Attorney General, and *Arthur C. Van Duyn* and *John Hawk,* both of Greenfield, for appellant.

*Connor D. Ross* and *O. B. Hangar,* both of Indianapolis, and *W. E. Bussell,* of Greenfield, for appellee.

RICHMAN, J.—Appellee contends, and the trial court adopted his theory, that this proceeding begun by him was filed pursuant to § 3-1711, Burns' 1933, § 14071, Baldwin's 1934, for assessment of damages for a taking by the State for highway purposes of his interest in real estate. Appellant has another theory which it is not necessary here to note.

The parties agree that the appeal is from an interlocutory order appointing appraisers and governed by § 3-1705, Burns' 1933, § 14065, Baldwin's 1934. Both sections are a part of the Eminent Domain Act of 1905. As pointed out in *Hallett* v. *Calvert* (1934), 207 Ind. 25, 191 N. E. 77, there are two separate provisions for appeal in the latter section.

The first provision pertains to appeals taken by a plaintiff who is seeking to condemn real estate and whose right so to do is challenged by objections of defendants whose lands or interests therein are affected. This provision does not authorize

an appeal from an order appointing appraisers. That which is to be reviewed by such appeal is the "decision" sustaining the objections to the complaint and denying plaintiff's right to take the land. If on appeal the decision is sustained the cause is ended; if it is reversed appraisers are appointed, and the cause proceeds to final judgment from which either party may appeal.

The second provision specifically gives the right to appeal from an interlocutory order appointing appraisers but the right is given only to "defendants, or any of them"; namely, the persons whose lands are about to be taken or whose interests therein are affected by the condemnation proceedings.

The fact that in cases like the one at bar the land owner is the moving party or the plaintiff and that the State is the defendant may create the impression that the State is within the designation "defendants, or any of them." But it seems clear from the context that the Legislature used the word "plaintiff" in this section as meaning the State or the corporation having the sovereign power of eminent domain and equally clear that "defendant" refers to the person against whom the power is sought to be asserted. Nowhere in the whole statute are the words "plaintiff" and "defendant" used in any different sense.

Section 3-1711, Burns' 1933, § 14071, Baldwin's 1934, provides that a person whose land has been taken for a public use "may proceed to have his damages assessed under this act, substantially in the manner herein provided." The complaint in this proceeding is founded upon the fact that there has been a taking. The right to take is the only question litigated in an appeal under the first provision. But in this proceeding that right is conceded and is not in litigation.

While there may be good reason why the Legislature should have provided an appeal from an interlocutory order determining that there has been a taking, we find no such provision. It cannot be inferred from the first part of § 3-1705, Burns' 1933, § 14065, Baldwin's 1934, and as before stated only the person injured by the taking can appeal under the second part of the section. We cannot supply a provision which the Legislature did not choose to make.

This statute is special in character and as stated in *Indiana Service Corp.* v. *Town of Flora* (1941), 218 Ind. 208, 211, 31 N. E. (2d) 1015, 1016, the appellant "must bring himself clearly within the procedure which he undertakes to invoke," for statutes providing for appeals from interlocutory orders must be strictly construed. *Nisius* v. *Chapman* (1912), 178 Ind. 494, 496, 99 N. E. 785, and cases cited.

We are aware that in *State Highway Commission* v. *Sandbrink* (1939), 215 Ind. 71, 18 N. E. (2d) 382, a similar appeal was taken and decided. But neither the parties nor the court seem to have been cognizant of the failure of the statute to authorize such an appeal. The question is jurisdictional and therefore cannot be waived.

Section 3-1707, Burns' 1933, § 14068, Baldwin's 1934, and § 3-1710, Burns' 1933, § 14070, Baldwin's 1934, recognize the right of appeal from the final judgment in this kind of a proceeding. We see no reason why in such appeal the whole case may not be reviewed as in other appeals from final judgments.

This appeal, being unauthorized by statute, is dismissed.

NOTE.—Reported in 39 N. E. (2d) 448.