BOROS ET AL. *v.* MATHER

[No. 17,870. Filed April 21, 1949.]

*Olczak & Olczak,* of South Bend, for appellants.

*Harry S. Taylor* and *Joseph E. Talbot,* both of South Bend, for appellee.

PER CURIAM.—The appellant is a judgment creditor of the appellee and, as such, on August 27, 1948, he filed a verified application in the St. Joseph Circuit Court for execution against the body of the appellee as provided by § 2-4302, Burns' 1946 Replacement. The court thereupon ordered notice to the appellee, returnable on September 17, 1948, to show why such execution should not issue. Notice accordingly was issued and served in due course by the sheriff of St. Joseph County. The appellant included in his verified application for the attachment of the body of the appellee an allegation that said appellee had not been held to special bail in the action in which he procured his judgment and that he has reason to fear, and does fear, that said appellee will leave the state before the trial and determination of the matters alleged in such application. The court thereupon ordered the immediate arrest of the appellee as provided by § 2-4312, Burns' 1946 Replacement.

Upon his arrest the appellee moved to quash such order of arrest and the court sustained the motion. It is from such action of the court that this appeal is taken and we are now asked to dismiss the same on the theory that the order

complained of is not a final judgment. This contention has merit. The issue between the parties is whether or not the appellant, as a judgment creditor, is entitled to have an execution against the body of the appellee. That issue remains undisposed of. The court merely denied the interlocutory relief afforded by § 2-4312, *supra*. As interlocutory orders are not final judgments, appeals therefrom do not lie except where specifically authorized by § 4-214, Burns' 1946 Replacement. We find no provision for an appeal from an order of the present character.

Appeal dismissed.

NOTE.—Reported in 85 N. E. 2d 269.