CHAPMAN *v.* CHAPMAN

[No. 28,866.   Filed January 13, 1953.]

*J. Evelyn Pitschke,* of Indianapolis, for appellant.

*John D. Dodd,* of Muncie, for appellee.

EMMERT, C. J.—This appeal involves interlocutory proceedings had pending an action for divorce. The assignment of errors is as follows:

"1. The Trial Court erred in sustaining the Appellee's demurrer to the Appellant's 'Amended Verified Plea in Abatement.'

"2. The Trial Court erred in sustaining Appellee's demurrer to the Appellant's 'Motion to Set Aside and Quash the Summons and Notice to Appear, heretofore issued on the 9th day of November, 1951, and to Quash and Set Aside the Return of Service thereon.'

"3. The Court did not have jurisdiction of the action."

It is well settled that an interlocutory appeal can only be taken pursuant to statutory authorization. *Indiana Service Corp.* v. *Town of Flora* (1941), 218 Ind. 208, 31 N. E. 2d 1015; *Boros* v. *Mather* (1949), 119 Ind. App. 245, 85 N. E. 2d 269; Ewbank's Manual of Practice (2d Ed.) §82, pp. 156, 157; Flanagan, Wiltrout and Hamilton, Indiana Trial and Appellate Practice, §2158, p. 37; 2 Gavit, Ind. Pl. & Pr., §508, p. 2506.[1]

There is no statutory provision in the Code concerning divorce which authorizes an appeal from any in-

---

[1] "Many interlocutory orders may be entered that do not come within the above statute [§2-3218, Burns' 1946 Replacement], and as to these there may be no review until after the rendition of the final judgment, unless there is some other statute authorizing such review. While the law looks with favor upon the right of litigants to have their cases reviewed, one who seeks to take advantage of a method of appeal that is special in character and in derogation of the general regulations relating to that subject must bring himself clearly within the procedure which he undertakes to invoke." *Indiana Service Corp.* v. *Town of Flora* (1941), 218 Ind. 208, 211, 31 N. E. 2d 1015.

terlocutory order or judgment. Any authorization for an appeal from an interlocutory order pending an action for divorce must be authorized by §2-3218, Burns' 1946 Replacement, or no such right of appeal exists. The assignment of errors does not question any order made for the payment of money, or the execution of any instrument of writing, the delivery or assignment of any securities, evidences of debt, documents or things in action, under the first clause of this section. Nor was there any order for the delivery of the possession of real property or sale thereof under the second clause. Nor was there any order granting or refusing to grant, or dissolving or overruling motions to dissolve any temporary injunctions under the third clause. Nor was there any order or judgment made upon any writ of habeas corpus under the fourth clause.[2]

Since none of the three items in the assignment of errors specify any interlocutory order from which an appeal may be prosecuted, this appeal is dismissed.

NOTE.—Reported in 109 N. E. 2d 724.

---

[2] A search of the record fails to disclose any judgment entered on the order sustaining the demurrer to the amended plea in abatement. Even if the judgment had been entered, "A judgment that a suit shall not abate is not a final judgment and is not within any of the exceptions authorizing appeals from certain interlocutory orders. *Bluffton, etc., Co.* v. *Moore-Mansfield, etc., Co.* (1915), 60 Ind. App. 567, 109 N. E. 406." *Brown* v. *Doak Co.* (1922), 192 Ind. 113, 118, 135 N. E. 343.

"Thus it is settled that a party may not appeal from a ruling sustaining or overruling a demurrer and indeed no provision is made for an appeal from any procedural rulings as such." 2 Gavit, Ind. Pl. & Pr., §508, p. 2506.