VINSON *v.* RECTOR ET AL.

[No. 19,417. Filed June 3, 1960.]

*Davis & Williams,* of Greenfield, for appellant.

*DeArmond, Booram & DeArmond,* and *Lawrence Booram,* of counsel, of Anderson, for appellees.

MYERS, J.—This is a proceeding by appellees to adopt as their child and heir at law Renee Denise King, a minor child. Appellant, Elizabeth Joan King Vinson, petitioned to intervene, stating that she was the natural mother of the child, which petition was granted by the court. She filed an answer, asking that the petition for adoption be denied on the basis that she had not consented to the adoption. The issues being thus joined, the cause was submitted for trial and evidence was heard without the intervention of a jury.

On September 9, 1959, the court made certain findings that the minor child should be adopted by appellees, but that prior to any final decree of adoption she should live for a longer probationary period in the home of the petitioners. The court entered a decree, which reads as follows:

"IT IS THEREFORE CONSIDERED, ORDERED, ADJUDGED AND DECREED BY THE COURT, that it is in the best interest of the minor child, Renee Denise King, that she be adopted, but that she should live in the home of the petitioners herein an additional period prior to a final order of adoption; and that this proceedings be, and it hereby is, continued on the docket of this Court until such time a hearing is had on such final decree of adoption.

"IT IS FURTHER ORDERED AND DECREED that the minor ward, Renee Denise King, shall forthwith be delivered by Ada Louise Wilson, living at 392 North Virginia Lee Road East, Columbus, Ohio, to the petitioners herein Valorous C. Rector and Lillian M. Rector, and the said Valorous C. Rector and Lillian M. Rector, be, and they hereby are, given the care, custody and con-

trol of said minor child pending a final order in this cause.

"And this cause is now continued for further proceedings as may be necessary in the premises, and for final order and decree herein.

"And the cause having been under advisement by the Court since the conclusion of the trial, the Court now makes its findings and decree herein this 9th day of September, 1959."

On the 24th day of September, 1959, appellant filed her motion for new trial, which motion was overruled by the court on September 25, 1959. On December 1, 1959, appellant filed her transcript and assignment of errors in this court. On March 31, 1960, appellant filed her brief in this cause. On April 21, 1960, appellees filed their motion to dismiss on the ground, among others, that there is no appealable final decree before this court.

Appeals can only be taken from final judgments. Burns' Ind. Stat., §2-3201. It has been stated many times by this court that an appealable final judgment determines all the rights of the parties to the suit, or a distinct and definite branch of it, and reserves no further question or decision for future determination. Flanagan, Wiltrout and Hamilton's Indiana Trial and Appellate Practice, §2152 (1959 Supp.). There is a difference between a final judgment and an interlocutory order. In *Pfeiffer et al.* v. *Crane, Guardian* (1883), 89 Ind. 485, 487, our Supreme Court stated:

"A final judgment is the ultimate determination of the court upon the whole matter in controversy in the action. An order of the court, made in the progress of the cause, requiring something to be done or observed, but not determining the controversy, is an interlocutory order, and is sometimes called an interlocutory judgment."

In *Inheritance Tax Div.* v. *Estate of Callaway* (1953), 232 Ind. 1, 8, 9, 110 N. E. 2d 903, 906, 907, the court said:

"A 'judgment or decree' has been defined as the final determination of the rights of a party in an action; and an 'order,' generally, is a direction of the court preliminary and incidental to final determination. The distinction between an order and a judgment is one of finality, and the question is whether the order is a final determination of the rights of a party."

It is obvious from the findings and decree of the court on September 9, 1959, that this was at most an interlocutory order, as the court not only very definitely stated that the minor child was to live in the petitioners' home for an additional period of time "prior to a final order of adoption," but also stated that the cause was continued for further proceedings and for *final* order and decree.

An interlocutory appeal can be taken only pursuant to statutory authorization, and such statutes are strictly construed. *Nisius* v. *Chapman* (1912), 178 Ind. 494, 99 N. E. 785. If no such authorization exists, an appeal will be dismissed. *Chapman* v. *Chapman* (1953), 231 Ind. 556, 109 N. E. 2d 724; *Seaney, Extr., etc.* v. *Ayres et al.* (1958), 238 Ind. 493, 151 N. E. 2d 295. Many interlocutory orders may be entered which do not come within the purview of our statute authorizing such appeals. Burns' Ind. Stat., §2-3218. There can be no review of these orders until after final judgment unless another statute permits it. *Boros* v. *Mather* (1949), 119 Ind. App. 245, 85 N. E. 2d 269; *Indiana Service Corp.* v. *Town of Flora* (1941), 218 Ind. 208, 31 N. E. 2d 1015. The statute generally authorizing appeals from interlocutory orders contains no provision relative to this type of proceeding in adop-

tion. The statutes pertaining to adoption of heirs give no right of appeal from such an order or decree as was entered by the court in this case. Burns' Ind. Stat. (1946 Repl.), §§3-115—3-125.

,The conclusion which we have reached must lead to a dismissal of the appeal in this case. Appellees' motion to dismiss the appeal is therefore sustained on the ground that the order or decree from which it is prosecuted is not a final judgment.

Appeal dismissed.

NOTE.—Reported in 167 N. E. 2d 601.