EVANSVILLE-VANDERBURGH LEVEE AUTHORITY DISTRICT *v.*
TOWNE MOTEL, INC., ET AL.

[No. 30,885. Filed February 1, 1966.]

*Jerome L. Salm, Robert S. Matthews* and *Ralph E. Moore,*
of Evansville, for appellant.

*John G. Bunner, Milford M. Miller, James D. Lopp,* and
*John L. Carroll,* of Evansville, and *John J. Dillon,* Attorney
General, for appellees.

ARTERBURN, J.—This is an action for inverse condemnation
brought by the appellee, Towne Motel, Inc. against the ap-
pellant, Evansville-Vanderburgh Levee Authority District
under Burns' Ind. Stat. Anno. § 3-1711 (1946 Repl.) The
appellee claims that the appellant took part of its land in the
building of a levee without first bringing a condemnation
action therefor or securing the agreement of the appellee.

The trial court, after a hearing, made a finding that there
was a "taking" of the land of the appellee as a result of the
construction of a flood wall by the appellant, and appointed
appraisers to determine the damage.

From this interlocutory order the Levee District seeks to appeal and has filed a petition for extension of time within which to procure the transcript for that purpose.

The appellees, referring to the statute providing for inverse condemnation, Burns' Ind. Stat. Anno. §§ 3-1711 and 3-1705 (1946 Repl.) contend that the condemnor has no right to appeal from an interlocutory order at such point in the proceedings. It is argued that Burns' Ind. Stat. Anno. § 3-1705 (1946 Repl.) is applicable to regular condemnation proceedings where an issue has been made upon objections that the condemnor has no authority to exercise the power of eminent domain and that only the defendant-landowner may appeal where such objections are overruled. The case of *State* v. *Wood* (1942), 219 Ind. 424, 39 N. E. 2d 448 supports the appellees in this respect.

It is stated there at page 427:

"The fact that in cases like the one at bar the land owner is the moving party or the plaintiff and that the State is the defendant may create the impression that the State is within the designation 'defendants, or any of them.' But it seems clear from the context that the Legislature used the word 'plaintiff' in this section as meaning the State or the corporation having the sovereign power of eminent domain and equally clear that 'defendant' refers to the person against whom the power is sought to be asserted. Nowhere in the whole statute are the words 'plaintiff' and 'defendant' used in any different sense."

The case of *The Cemetery Company* v. *Warren School Township et al.* (1957), 236 Ind. 171, 178, 139 N. E. 2d 538, 541 is cited on the proposition that "At some place in the proceedings, (eminent domain) and by some method the landowner is entitled to contest the legality of the condemnation proceedings, and question the authority under which the attempt is being made to take his property including the issue of whether or not it is a private or public purpose." That case was not one dealing with inverse condemnation, but one in which the proceedings were brought directly against

the landowner, and in conformity with the statute we held that the landowner was entitled to take an appeal from the interlocutory order which refused to hear the objections to the right of the condemnor to take the property.

There is reason and logic as to why a landowner should have the question of the authority of the condemnor to exercise the power of eminent domain promptly and finally ■ determined by an interlocutory appeal at an early stage in the proceedings, since irreparable damage would otherwise be done to a landowner whose property might illegally be seized and destroyed and he be left only to a money judgment if the proceedings were to continue thereafter on the issue only of what was the monetary loss. On the other hand, there may be logic and reason why the statute does not grant an interlocutory appeal to the public body which has already seized the land and where the defendant is seeking only his compensation, as in this case.

We point out further that the appellant here is not without remedy, since we have held that where there is no right to appeal from an interlocutory order, the error if any, ■ may be carried over and brought before the court upon an appeal from the final judgment.

In *Whitlock* v. *Public Service Co. of Indiana, Inc.* (1959), 239 Ind. 680, 686, 159 N. E. 2d 280, 283, we stated:

"Reasoning, therefore, from these cases we are supported in the conclusion that a failure to appeal from an interlocutory order is a waiver of any claimed error which could be raised thereby for consideration on such appeal. Cases where no appeal is authorized from interlocutory orders should be distinguished, since in those cases errors in the granting of such interlocutory orders, if properly saved, may be considered upon final appeal on the merits."

The petition for an extension of time within which to file a transcript and assignment of errors is denied.

Myers, C. J., Rakestraw and Jackson, JJ., concur. Achor, J., not participating.

NOTE.—Reported in 213 N. E. 2d 705.