248 Ind. 362 (1967)
229 N.E.2d 457
LAKE COUNTY TRUST COMPANY, ETC.
v.
INDIANA PORT COMMISSION.
No. 30,989.
Supreme Court of Indiana.
Filed September 11, 1967.
Leonard D. Rutstein and C. Jerome Smith, both of Hammond, for appellants.
John J. Dillon, Attorney General, Oliver M. Zeiher, Assistant Attorney General and Joseph G. Commiskey, Jr., Deputy Attorney General, for appellee.
*363 JACKSON, J.
This matter comes to us by way of appeal from the Porter Circuit Court. Appellee instituted an action for the condemnation of real estate in which the appellants have an interest. Appellant, Lake County Trust Company, is the nominal title holder of the real estate in question and appellant, Virginia J. Reuterskiold, is the mortgagee of said real estate.
In view of some of the questions presented on appeal we are setting out a chronology of events leading up to the same. The appellee filed its complaint for condemnation of appellants' real estate in the Porter Circuit Court on July 28, 1965; service of summons and copy of the complaint were served on each of the appellants requiring their appearance in the action on September 30, 1965.
On September 20, 1965, appellants filed their general appearance and a Motion for Change of Venue from the County.
On the morning of September 30, 1965, the parties appeared in court by their respective counsel. Appellee filed instanter a brief in opposition to appellants' Motion for Change of Venue. Because of a murder trial then in progress the court was unable to hear argument and entered an order continuing the matter for argument to October 8, 1965, and granting appellants until that date to file objections to appellee's complaint.
On October 8, 1965, the parties appeared in the Porter Circuit Court by counsel. On that date appellants filed conditionally with the clerk of that court Objections to the Complaint for Condemnation, also a copy of a Petition for Removal and Notice of Removal transferring the jurisdiction of the cause to the United States District Court for the Northern District of Indiana, Hammond Division.
Thereafter proceedings were had in the Federal Court at Hammond resulting in the remand of the cause to the Porter Circuit Court on April 11, 1966. On the 28th day of April, 1966, the Porter Circuit Court acknowledged the remand and *364 set all matters pending for hearing on Thursday, May 5, 1966, at 9:30 a.m.
Thereafter, the court held that no objections were filed to complaint in condemnation. The court then proceeded to hear evidence to satisfy the court of the regularity of the proceedings and the right of the appellee to exercise the power of eminent domain for the use sought. The court, on the 10th day of May, 1966, found for the appellee, that it was entitled to condemn and appropriate the land described in the complaint for the use therein sought, that three disinterested freeholders of the county should be, and they were, appointed to assess the damages, if any, to which the defendants (appellants) might be entitled.
On May 16, 1966, the appraisers filed their report in said matters, and thereafter on May 25, 1966, appellee filed exceptions thereto.
Thereafter, on May 26, 1966, the appellants filed their exceptions to the appraisers' report. An appeal bond was filed May 20, 1966. On June 15, 1966, appellants filed their praecipe in the office of the clerk of the Porter Circuit Court demanding preparation of the transcript and record for appeal. Attached to the Bill of Exceptions is the Judge's Certificate dated June 1, 1966, and filed on said date.
Thereafter, on August 15, 1966, (pursuant to an extension of time granted by this court) appellants filed their Transcript and Assignment of Errors with the clerk of this court. Such Assignment of Errors contains thirty (30) specifications, none of which need be set out or discussed for reasons that hereafter appear.
Appellee has filed a Motion to Dismiss Appeal or Affirm Judgment, such motion inter alia alleges that there is no provision in the laws of the State of Indiana nor the Rules of this Court which provides for an appeal by the appellants herein at this time, and even if such rights exists, this appeal was *365 not perfected in time, the Transcript and Assignment of Errors were filed too late, and the appellant's brief was not timely filed.
Appellants contend in their brief on the merits that this Court has jurisdiction to hear this appeal by virtue of Acts 1901, ch. 247, § 9, p. 565 as amended by Acts 1963, ch. 279, § 1, p. 424, § 4-214, Burns' 1966 Cum. Supp., which provides in part that appeals in condemnation cases shall be brought directly to this Court. But they have filed no briefs in opposition to the Motion to Dismiss, nor have they attempted in any way to refute appellee's contention that at this time the cause is not an appealable case.
Generally an appeal can be taken only from a final judgment except where otherwise provided by Statute. State ex rel. Sanders v. Circuit Court, etc. (1962), 243 Ind. 343, 349, 182 N.E.2d 781; Williams v. Williams (1939), 216 Ind. 110, 112, 23 N.E.2d 428.
It is against public policy to permit piecemeal appeals. Mak-Saw-Ba Club v. Coffin (1907), 169 Ind. 204, 208, 82 N.E. 461. In the instant case, exceptions have been filed to the report of the appraisers. Since these exceptions are still pending in the trial court, there is no final judgment from which an appeal can be taken at this time.
Appellee raises the possibility that appellants may be basing their appeal on Acts 1921, ch. 251, § 1, p. 741, § 2-3218, Burns' 1946 Replacement, which provides for appeals from interlocutory orders. That statute specifically enumerates the interlocutory orders from which appeals may be taken. No such orders exist in the case at bar. This Court has held that orders appointing appraisers in condemnation proceedings are not embraced within the statute. Indiana Service Corp. v. Town of Flora (1941), 218 Ind. 208, 211, 31 N.E.2d 1015; State v. Wood (1942), 219 Ind. 424, 39 N.E.2d 448.
*366 The appellants may have based their appeal on Acts 1905, ch. 48, § 5, p. 59, § 3-1705, Burns' 1946 Replacement, which provides for an appeal when objections to a complaint for condemnation of real estate are overruled and the court appoints appraisers. Since this statute is special in character, the appellant must bring himself clearly within the procedure which he undertakes to invoke. State v. Wood, supra, at page 428. In the instant case, the trial court held that no objections to the complaint had been filed. Therefore, there has been no overruling of such objections from which the appellants can appeal.
The appeal was brought prematurely. Since exceptions have been filed to the report of the appraisers, the cause should proceed to trial and judgment as provided in Acts 1905, ch. 48, § 8, p. 59, 1961, ch. 317, § 1, p. 884, 1965, ch. 344, § 1, p. 1022, § 3-1707, Burns' 1966 Cum. Supp. That statute provides for an appeal from the final judgment. In State v. Wood, supra, at page 428 this Court said:
"... We see no reason why in such appeal the whole case may not be reviewed as in other appeals from final judgments."
We find the appellee's Motion to Dismiss the Appeal to be well taken. It is therefore the judgment of this Court that the motion to dismiss the appeal should be, and it is hereby, sustained. The clerk of this Court is hereby ordered to enter such dismissal on the records in his office and to enter judgment for costs herein against appellants.
Hunter, C.J., Mote and Lewis, JJ., concur.
Arterburn, J., concurs in result.
NOTE.  Reported in 229 N.E.2d 457.