VON BEHREN *v.* VON BEHREN.

[No. 868S135. Filed September 30, 1969.]

*Hunt, Suedhoff & Wilks*, Fort Wayne, for appellant.

*Kennerk, Dumas, Burke & Backs*, Fort Wayne, for appellee.

HUNTER, J.—On April 1, 1969, this court, by order and without an opinion, dismissed this appeal on a motion filed by appellee (petitioner below). Thereafter, the appellant filed a petition for rehearing, requesting a written opinion specifically dealing with the issues asserted in her appeal. We feel it to be incumbent upon this court to comply with that request insofar as it relates to our dismissal.

The facts and issues presented by the filing of the appeal by appellant and subsequent motion to dismiss by appellee are as follows: on June 17, 1968, appellee filed a petition for writ of *habeas corpus;* on July 5, 1968, the appellant filed a counter-claim to said petition, purportedly asserting a cause of action for support. Appellee thereafter filed a motion to strike said counter-claim which motion was granted. On July 16, 1968, the appellant filed a motion for summary judgment to which the appellee also addressed a motion to strike, which motion was sustained by the trial court. The appellant then filed a motion for new trial which was overruled.

Appellant assigns as error the overruling of her motion for new trial, the striking of appellant's counter-claim and the striking of appellant's motion for summary judgment. As already noted, we dismissed the appeal without an opinion.

In determining the propriety of such a dismissal this court must decide whether: (1) there is an appealable final judgment; (2) the rulings on the motion to strike the appellant's counter-claim and motion for summary judgment are appealable interlocutory orders. If both questions can be answered in the negative this court need go no further since appellant has no grounds on which to base an appeal. It is well settled that an appeal lies only from a final judgment, except where otherwise provided by statute, as for example a specified interlocutory order. Ind.

Ann. Stat. §§ 2-3201, 2-3218, 4-214 (1968 Repl.); *Lake County Trust Co. v. Indiana Port Commission* (1967), 248 Ind. 362, 229 N. E. 2d 457; *Vinson v. Rector* (1960), 130 Ind. App. 606, 167 N. E. 2d 601; *Haag v. Haag* (1959), 240 Ind. 291, 163 N. E. 2d 243; *Chapman v. Chapman* (1953), 231 Ind. 556, 109 N. E. 2d 724.

We turn first to the question of whether or not the trial court rendered a final judgment. We note that, due to this appeal, the trial court has not yet conducted any proceedings on the issue germane to this litigation, as framed by the original petition, to-wit, the custody of the children. There has been no hearing or trial. Without such a proceeding, as provided for in Ind. Ann. Stat. § 3-1917 (1968 Repl.), there could have been no final judgment. By its very definition, a final judgment would finally determine the rights of the parties to the suit on those issues raised and would leave no further questions to be adjudicated in regard to those issues. *Greathouse et. al. v. McKinney* (1942), 220 Ind. 462, 44 N. E. 2d 344; *Zumpfe et. al. v. Piccadilly Realty Co. et. al.;* (1938), 214 Ind. 282, 13 N.E. 2d 715; *Home Electric Light and Power Co. v. Globe Tissue Paper Co.* (1896), 145 Ind. 174, 44 N. E. 191. Until there has been a determination on the custody of the children, this court can not see, by any stretch of its judicial imagination, where a final judgment has been rendered.

There having been no trial, it would also follow that the trial court did not err in overruling appellant's motion for new trial and such an assignment of error is not proper to present error on appeal. *Houtchens v. Lane* (1965), 246 Ind. 540, 206 N. E. 2d 131. That is not to say however that a motion for new trial is an improper means for presenting alleged error in a *habeas corpus* proceeding where a trial has in fact been conducted. *Houtchens v. Lane, supra; Turner v. O'Neal, Sheriff, etc. et al.* (1957), 237 Ind. 258, 145 N. E. 2d 1.

We next address ourselves to the question of whether the trial court's ruling on the motion to strike the appellant's counter-claim and motion for summary judgment are appealable interlocutory orders. An interlocutory appeal can only be taken pursuant to statutory authorization and such statutes are to be strictly construed. *Haag v. Haag, supra; Vinson v. Rector, supra.* The relevant Indiana statute, § 2-3218, *supra,* reads in pertinent part as follows:

"An appeal to the Supreme Court may be taken from an interlocutory order of any circuit, superior, or probate court, or judge thereof, in the following cases: . . .

Fourth. Orders and judgments upon writs of habeas corpus made in term or in vacation."

Exactly what orders are appealable as interlocutory orders under this statute has not as yet been determined. In fact this court, in the case of *Houtchens v. Lane, supra,* echoed the confusion Judge Gilkison expressed in his concurring opinion in *Elder v. Dowd* (1954), 233 Ind. 256, 262, 118 N. E. 2d 805, 808, where he said:

". . . it would be interesting to know what, if any, appealable *interlocutory* order any court or judge thereof, could possibly make in any *habeas corpus* proceeding that might be brought." (Our emphasis).

We are not inclined to say there are *none*. To do so would tend to inhibit the imagination of the trial judge in his attempt to mete justice, mindful of the rights and interests of the parties involved. This is especially true in a case, as here, where the custody and welfare of a child are involved. (See for example *Rosenbarger v. Marion Cir. Ct. et al.* (1958), 239 Ind. 132, 155 N. E. 2d 125, where this court indicated that the trial court could retain jurisdiction in a *habeas corpus* proceeding by reservations in its order thereby allowing such further orders as may be required by changed circumstances to protect the welfare

of the child.) We would hold however, that any rulings or orders made by the trial court which do not *directly* affect the *immediate* custody of the person in question are not of a nature as to be appealable as an interlocutory order under § 2-3218 quoted above. Such a ruling would of necessity be made during the progress of the cause and require that something be done or observed. Consequently the test, defining an *appealable* interlocutory order in a *habeas corpus* proceeding is consistent with this court's definition of the term interlocutory order. See *Bahar v. Tadros* (1954), 234 Ind. 302, 123 N. E. 2d 189; *Pfeiffer v. Crane* (1883), 89 Ind. 485.

*Habeas corpus* is a special statutory proceeding and must be tried summarily. The various sections dealing with the filing of a complaint, the return, and the hearing all indicate that the proceedings are to be conducted without delay. To allow a party to a suit for writ of *habeas corpus* to appeal on *any* ruling made during the proceedings would frustrate the obvious intent of the statute relating to *habeas corpus* and would be contrary to the established policy of discouraging piece-meal appeals. *Lake County Trust Co. v. Indiana Port Commission, supra.* The propriety of a court's ruling, except for those rulings defined as *appealable* interlocutory orders, can be determined on regular appeal at the conclusion of the litigation. In the meantime, the trial court is free to conduct the proceedings on the petition for writ of *habeas corpus* as expeditiously as possible, consonant with the intent of the statute.

In the instant case, appellant's cross-complaint deals solely with support. The ruling on appellee's motion to strike such cross-complaint in no way affected the custody of the child and the propriety of that ruling is a fit subject for appeal only upon the conclusion of the *habeas corpus* proceedings. It is doubtful whether such a ruling even constitutes an interlocutory order as previously defined. However, this court pre-

fers to pass on the matter as it relates to the custody of the child.

As to the motion for summary judgment, we need not determine whether a ruling on such a motion in *habeas corpus* proceedings generally constitutes an appealable interlocutory order. Here the custody of a child is concerned. Where such is the case, it appears well settled that the trial court has an unlimited power, as well as a duty to determine custody, guided by the best interests and welfare of the child. *Scott v. State* (1949), 227 Ind. 396, 86 N. E. 2d 533. In *Scott,* as here, the divorce decree had been granted by a sister state and the custody of the child was at issue in a *habeas corpus* proceeding:

> "Under such circumstances it seems to be the rule in Indiana that in a habeas corpus action when it is shown that a change in conditions has occurred since the original judgment awarding custody of children in a divorce proceeding was rendered in a sister state, it is a duty of the court of the forum to consider such changed conditions in determining that which is for the best interest of the children if the court of the state rendering the decree could do so. The strict legal rights of the parents, under such conditions must yield to the welfare of the children." *Scott v. Scott, supra,* p. 536.

Given such a duty, it would necessarily follow that the court's hearing in regards to the custody of the child would involve the finding of fact and would preclude summary judgment by definition. We would, therefore, hold a motion for summary judgment to be inappropriate in the present proceeding. Consequently the trial court's ruling on such motion does not constitute an appealable interlocutory order.

Finding no final judgment or appealable interlocutory order, our order dismissing appellant's appeal is affirmed.

Appeal dismissed.

DeBruler, C. J., Givan and Jackson, JJ., concur; Arterburn, J., concurs in result.

NOTE.—Reported in 251 N. E. 2d 35.