APARTMENT PROPERTIES, INC. *v.* THE CANAVERAL CORP.

[No. 669A112. Filed November 19, 1969. No petition for rehearing filed.]

*C. Severin Buschmann, Donald A. Schabel,* of Indianapolis, for appellant.

*Johnson, Weaver & Martz,* of Indianapolis, for appellee.

LOWDERMILK, P.J.—This is an appeal under a special statutory proceeding under the Indiana General Corporation Act, the same being Burns' Ind. Stat. § 25-236, whereby the appellee, which was the holder of 101 shares of common stock of Port Realty Corporation, which on August 14, 1967, was merged into appellant, Apartment Properties, Inc., petitioned the trial court to appraise the value of such shares.

Said statute, Burns' § 25-236, reads, in part, as follows:

"25-236 [4856.2]. Merger or consolidation—Rights of dissenting shareholders.—If any shareholder of any corporation a party to a merger or consolidation who did not vote in favor of such merger or consolidation at the meeting at which the agreement of merger or consolidation was adopted by the shareholders of such corporation, shall, at any time within thirty [30] days after such adoption of the agreement of merger or consolidation by such shareholders, object thereto in writing and demand payment of the value of shares, the surviving or new corporation shall, in the event that the merger or consolidation shall be made effective, pay to such shareholder, upon surrender of his certificates therefor, the value of such shares at the effective date of the merger or consolidation. If within thirty [30] days after such effective date the value of such shares is agreed upon between the shareholder and the surviving or new corporation, as the case may be, payment therefor shall be made within ninety [90] days after the effective date. If, within thirty [30] days after such effective date, the surviving or new corporation, as the case may be, and the shareholder do not so agree, either such corporation or the shareholder may, within ninety [90] days after such effective date, petition the public service commission of this state, if the corporation be a public utility, or the circuit or superior court of the county in which the principal office of the corporation is located, if the corporation be not a public utility, to appraise the value of such shares; and payment of the appraised value thereof shall be made within sixty [60] days after the entry of the judgment or order finding such appraised value. *The practice, procedure and judgment in the circuit or superior court upon such petition shall be the same, so far as practicable, as that under the eminent domain laws in this state*; and the practice, procedure and order before the public service commission upon such petition shall be as prescribed by law and the rules of the commission." (Our emphasis.)

The issues were formed in the trial court by appellee's petition, which petitioned the court to appraise the values of appellee's 101 shares of common stock in Port Realty Corporation, and the appellant's amended objections to the proceeding on the ground that the court had no jurisdiction of the subject matter for the reason that the appellee failed to commence

the proceedings within 90 days after the effective date of the merger.

The court overruled appellant's objections to the proceeding and appointed three appraisers.

Appellee filed motion to dismiss appellant's appeal or, in the alternative, to affirm the judgment below, setting forth as reasons therefor that appellant had no statutory right to appeal from said interlocutory order and that this court is without jurisdiction to entertain appellant's appeal.

We shall first discuss appellee's motion to dismiss appellant's appeal or, in the alternative, to affirm the judgment below.

The trial court's overruling the said amended objections and appointing appraisers to appraise appellee's stock was of course, an interlocutory order. Appellee contends that an appeal from an interlocutory order must be expressly authorized by statute and without such authorization any attempted appeal should be dismissed. Appellee points out further that the court, in its determination of appellee's motion to dismiss or in the alternative to affirm the judgment below must construe together § 37 of the Indiana General Corporation Act (Burns' § 25-236) and the eminent domain laws of Indiana.

Burns' § 25-236 provides, in part, as follows:

". . . The practice, procedure and judgment in the circuit or superior court upon such petition shall be the same, so far as practicable, as that under the eminent domain laws in this state; . . ."

The eminent domain statute applicable to the case at bar is Burns' Ind. Stat. § 3-1705 and is as follows:

"3-1705 [7684]. Objections—Pleadings—Appeal.—Any defendant may object to such proceedings on the grounds that the court has no jurisdiction either of the subject-matter or of the person, or that the plaintiff has no right to exercise the power of eminent domain for the use sought, or for any other reason disclosed in the complaint or set

up in such objections. Such objections shall be in writing, separately stated and numbered, and shall be filed not later than the first appearance of such defendant; and no pleadings other than the complaint and such statement or objections shall be allowed in such cause, except the answer provided for in section eight [§ 3-1707] of this act: Provided, That amendments to pleadings may be made upon leave of court. If any such objection shall be sustained, the plaintiff may amend his complaint or may appeal to the Supreme or Appellate Court from such decision, as and in the manner that appeals are taken from final judgments in civil actions, of which appeal all the parties shall take notice and by which they shall be bound. But if such objections are overruled, the court or judge shall appoint appraisers as provided for in this act; and from such interlocutory order overruling such objections and appointing appraisers, such defendants, or any of them may appeal to the Supreme or Appellate Court from such decision as and in the manner that appeals are taken from final judgments in civil actions, upon filing with the clerk of such court a bond, with such penalty as the court or judge shall fix, with sufficient surety, payable to the plaintiff, conditioned for the diligent prosecution of such appeal and for the payment of the judgment and costs which may be affirmed and adjudged against the appellants, such appeal bond shall be filed within ten [10] days after the appointment of such appraisers. All the parties shall take notice of and be bound by such appeal. The transcript shall be filed in the office of the clerk of the Supreme Court within thirty [30] days after the filing of the appeal bond. Such appeal shall not stay proceedings in such cause. [Acts 1950, ch. 48, § 5, p. 59.]"

This statute has two provisions pertaining to appeals. The first provision applies to plaintiffs whose right to condemn real estate is challenged by a defendant's objection, and the right to appeal then accrues when the trial court sustains defendant's objections. This provision of the statute does not authorize an appeal from an order appointing appraisers. The second provision of the statute grants the right of appeal from an interlocutory order overruling such objections and appointing appraisers and grants the right of appeal from such decision as and in the manner that appeals are taken from final judgments in civil actions.

Appellee contends that under Burns' § 3-1705 the appellant herein is not a "defendant" who may take an appeal from an interlocutory order pursuant to the above statute.

While it is true that the eminent domain statute refers only to "defendant" and no where therein is the "plaintiff" mentioned, we must determine in this case is in the cases of eminent domain whether the plaintiff in the trial court stood in the same position as a plaintiff in an inverse condemnation and would, therefore, qualify as a defendant under Burns' § 3-1705.

The case of *State* v. *Wood* (1942), 219 Ind. 424, 39 N. E. 2d 448, is a landmark case on this point, it being an inverse condemnation proceeding by Wood against the State of Indiana. The court, in that opinion, said:

"The second provision specifically gives the right to appeal from an interlocutory order appointing appraisers but *the right is given only to 'defendants, or any of them', namely, the persons whose lands are about to be taken or whose interests therein are affected by the condemnation proceedings.*

"The fact that in cases like the one at bar the land owner is the moving party or the plaintiff and that the State is the defendant may create the impression that the State is within the designation 'defendants, or any of them.' But it seems clear from the context that the Legislature used the word 'plaintiff' in this section as meaning the State or the corporation having the sovereign power of eminent domain and equally clear that 'defendant' refers to the person against whom the power is sought to be asserted. Nowhere in the whole statute are the words 'plaintiff' and 'defendant' used in any different sense.

"Section 3-1711, Burns' 1933, § 14071, Baldwin's 1934, provides that a person whose land has been taken for a public use 'may proceed to have his damages assessed under this act, substantially in the manner herein provided.' The complaint in this proceeding is founded upon the fact that there has been a taking. The right to take is the only question litigated in an appeal under the first provision. But in this proceeding that right is conceded and is not in litigation. While there may be good reason why the Legislature should have provided an appeal from an interlocutory order

determining that there has been a taking, we find no such provision. It cannot be inferred from the first part of § 3-1705, Burns' 1933, § 14065, Baldwin's 1934, and as before stated *only the person injured by the taking can appeal under the second part of the section.* We cannot supply a provision which the Legislature did not choose to make." (Our emphasis.)

At the bottom of page 428 the court held that the appeal should be dismissed as not being authorized by the statute.

We are of the opinion that the case at bar has been brought under the second provision of said eminent domain statute and following the thinking of the court in the *Wood* case, *supra,* that the appellee, although designated in the proceeding in the trial court as the plaintiff, is accordingly a defendant within the meaning of the statute. Certainly, under Burns' § 3-1705, the only person injured by the taking is the appellee, who stands in the same position as the plaintiff in an inverse condemnation suit.

Appellee relied to support its argument on the case of *Evansville-Vanderburgh L.A.D.* v. *Towne Motel, Inc.* (1966), 247 Ind. 161, 213 N. E. 2d 705, which case cites *State* v. *Wood, supra,* with approval. Judge Arterburn, speaking for the court, said:

"There is reason and logic as to why a landowner should have the question of the authority of the condemnor to exercise the power of eminent domain promptly and finally determined by an interlocutory appeal at an early stage in the proceedings, since irreparable damage would otherwise de done to a landowner whose property might illegally be seized and destroyed and he be left only to a money judgment if the proceedings were to continue thereafter on the issue only of what was the monetary loss. On the other hand, there may be logic and reason why the statute does not grant an interlocutory appeal to the public body which has already seized the land and where the defendant is seeking only his compensation, as in this case.

"We point out further that the appellant here is not without remedy, since we have held that where there is no right to appeal from an interlocutory order, the error if any, may

be carried over and brought before the court upon an appeal from the final judgment."

Considering all of the above, we are of the opinion that the appellee is in the position of the plaintiff in an inverse condemnation action and the appellant is in the position of the defendant in such action, and that the appellee has the remedy under Burns' Ind. Stat. §§ 25-236 and 3-1705. Of course, the trial court ruled for the appellee and this being the case the appellee needs no redress. We are of the further opinion that the appellant herein is not without remedy for the reason that the error, if there was an error committed by the court in appointing appraisers, may be carried over and brought before this court upon an appeal from the final judgment.

We are of the further opinion that this court does not have jurisdiction to entertain this appeal and that appellee's motion to dismiss appellant's appeal, or in the alternative, to affirm the judgment below, should be, and the same is hereby, sustained.

Appeal dismissed.

It is further decreed that the appellant pay the costs of this action.

Carson, Cooper and Sullivan, JJ., concur.

NOTE.—Reported in 252 N. E. 2d 459.