


FILED

Jun 20 2023, 2:18 pm

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

# IN THE

# Indiana Supreme Court

Supreme Court Case No. 23S-AD-00158

## In the Matter of the Adoption of S.L.;
## P.L.,

*Appellant (Respondent below)*

—v—

## M.H. and A.H.,

*Appellees (Petitioners below).*

---

Argued: April 27, 2023 | Decided: June 20, 2023

**Corrected**

Appeal from the Hamilton Superior Court
No. 29D01-2006-AD-964
The Honorable Michael A. Casati, Judge

On Petition to Transfer from the Indiana Court of Appeals,
No. 22A-AD-80

---

**Opinion by Justice Massa**

Chief Justice Rush and Justices Slaughter, Goff, and Molter concur.

**Massa, Justice**

Adoptive Parents challenge a Court of Appeals' decision requiring them to provide notice to biological Father of the temporary custody of Child, rendering the trial court's order void for lack of personal jurisdiction. While the panel below erred in requiring notice in a temporary custody matter, we resolve this case on the narrower ground of no appellate jurisdiction.

# Facts and Procedural History

P.L. ("Father") is the biological father of S.L. ("Child"). Child was removed twelve days after birth and placed with M.H. and A.H. ("Adoptive Parents") for fourteen months. In May 2015, Grandparents petitioned for guardianship, which the trial court granted the next day. Child resided with Grandparents and spent weekends, holidays, and vacations with Adoptive Parents. By May 2019, Child was placed full time with Adoptive Parents.

In June 2020, Adoptive Parents petitioned to adopt Child, and separately moved for **temporary custody**, and to consolidate the adoption and temporary custody cases with the Hamilton Superior Court under Trial Rule 42(D). Father was not served the petition or motions. And while Father was entitled to notice of the adoption petition, Ind. Code §§ 31-19-2.5-3, 31-19-9-1, the law requires no such notice of temporary custody actions, I.C. § 31-19-2-13.

The Hamilton Superior Court thus conducted a hearing on the motion for temporary custody with only Adoptive Parents and Grandparents present. On July 8, 2020, the court granted Adoptive Parents **temporary custody**, determining it was in Child's best interest to be placed with Adoptive Parents while the adoption petition was pending. More than a year later, Father filed a Trial Rule 60(B)(6) motion to set aside the trial court's order of custody, arguing the order was void *ab initio* for lack of personal jurisdiction, based on a lack of notice to which he was not legally entitled.

The trial court denied Father's motion, finding the temporary custody order was not void *ab initio* for lack of personal jurisdiction, and explained that Indiana Code section 31-19-2-13 authorizes an ex parte proceeding in temporary custody matters. Father appealed. In a unanimous, unpublished decision, the Court of Appeals reversed, finding the trial court erred in denying Father's Trial Rule 60(B)(6) motion to set aside the temporary custody order. *P.L. v. M.H. and A.H.*, 194 N.E.3d 654, 2022 WL 3724896, at *3 (Ind. Ct. App. Aug. 30, 2022). The panel reasoned that because Adoptive Parents failed to serve Father with notice of their adoption petition, the trial court lacked personal jurisdiction over Father, rendering the temporary custody order void. *Id.* at *2–3.

Adoptive Parents sought transfer, which we now grant. *See* Ind. Appellate Rule 58(A).

## Standard of Review

An appellate court must have jurisdiction to review a trial court's order, and a court has a duty to determine whether it has jurisdiction before proceeding to the merits of the case. *Allstate Ins. Co. v. Scroghan*, 801 N.E.2d 191, 193 (Ind. Ct. App. 2004). Appellate jurisdiction cannot be conferred by the parties or the trial court if the order is "not appealable either as a final judgment or under Trial Rule 54(B)." *Georgos v. Jackson*, 790 N.E.2d 448, 451 (Ind. 2003). "Whether an order is a final judgment governs the appellate courts' subject matter jurisdiction." *Front Row Motors, LLC v. Jones*, 5 N.E.3d 753, 757 (Ind. 2014) (citing *Georgos*, 790 N.E.2d at 451). Appellate jurisdiction can be raised at any time and "the appellate court may consider the issue sua sponte." *Georgos*, 790 N.E.2d at 451 (citing *Albright v. Pyle*, 637 N.E.2d 1360, 1363 (Ind. Ct. App. 1994)). "Jurisdiction is a question of law we review de novo." *Young v. Estate of Sweeney*, 808 N.E.2d 1217, 1219 (Ind. Ct. App. 2004).

## Discussion and Decision

This Court's subject matter jurisdiction is identified by the Indiana Rules of Appellate Procedure, which were adopted by this Court. *See* IND.

CONST. art. VII, § 4 (stating the Supreme Court "shall exercise appellate jurisdiction under such terms and conditions as specified by rules[.]"). Appellate jurisdiction is limited to final judgments, interlocutory orders, and appeals from agency decisions.[1] Ind. Appellate Rule 5. This Court's authority to exercise jurisdiction "is generally limited to appeals from final judgments." *Ramsey v. Moore*, 959 N.E.2d 246, 251 (Ind. 2012) (quoting *Allstate Ins. Co. v. Fields*, 842 N.E.2d 804, 806 (Ind. 2006)).

## The trial court's denial of the motion to set aside is not a final appealable order.

Indiana Appellate Rule 2(H) defines a final judgment as a judgment that "disposes of all claims as to all parties[,]" App. R. 2(H)(1), or "the trial court in writing expressly determines under Trial Rule 54(B) . . . there is no just reason for delay and in writing expressly directs the entry of judgment . . . ."App. R. 2(H)(2)[2]; *Ramsey*, 959 N.E.2d at 251–52.

Specifically, a final judgment under Appellate Rule 2(H)(1) disposes "all issues as to all parties, thereby ending the particular case[,]" and "leaves nothing for future determination." *Georgos*, 790 N.E.2d at 451 (internal citation omitted). Once a final judgment is issued by the trial court, it does not require a future decision by that same court. *Thompson v. Thompson*, 259 Ind. 266, 269, 286 N.E.2d 657, 659 (1972) (citing *Seaney v. Ayres*, 238 Ind. 493, 151 N.E.2d 295 (1958)). This is because "[t]he purpose of the final judgment rule is to prevent delay in the trial of lawsuits which would result from limitless intermediate appeals." *Thompson*, 259 Ind. at

---

[1] Indiana Appellate Rule 14 instructs that an interlocutory appeal may proceed as: an interlocutory appeal of right, as a certified discretionary interlocutory appeal, or as an interlocutory appeal from the grant or denial of a class action certification. App. R. 14(A)–(C). Indiana courts have appellate "jurisdiction to entertain actions . . . and to review final orders, rulings, decisions, and certified questions of an Administrative Agency." App. R. 5(C)(1). We limit our discussion to the narrow question of whether this was a final appealable judgment because this case does not present an interlocutory or agency order.

[2] Indiana Appellate Rule 2(H) contains three additional categories of final judgments: final judgments under Trial Rule 60(C), a ruling on a mandatory or permissive motion to correct error, and an order "otherwise deemed final by law." App. R. 2(H)(3)–(5). However, these categories are not relevant to this case because they are not implicated here.

269, 286 N.E.2d at 659 (citing *Lake Cnty. Trust Co. v. Ind. Port Comm'n*, 248 Ind. 362, 229 N.E.2d 457 (1967); *Mak-Saw-Ba Club v. Coffin*, 169 Ind. 204, 82 N.E. 461 (1907)). Final judgments end the case at the trial level. *See Georgos*, 790 N.E.2d at 451 (explaining the trial court's grant of a motion "was not a final judgment because it did not end the case.").

The trial court consolidated the two cases pending before it under Trial Rule 42(D), thereby creating one case. But this one case had two separate matters pending before it: one was a motion for temporary custody and the other was a petition for adoption. On July 8, 2020, the Hamilton Superior Court issued one order addressing Father's **preliminary** motion to set aside temporary custody, finding it in Child's best interest to grant **temporary** custody pending the adoption under Indiana Code section 31-19-2-13. Because the petition for adoption was still pending at the time the trial court issued this preliminary order—thus not disposing of all the claims—the trial court's July 8 order was not a final judgment. *Georgos*, 790 N.E.2d at 451–52; App. R. 2(H)(1) ("A judgment is a final judgment if . . . it disposes of all claims as to all parties[.]").

The trial court's order is also not a final judgment under Appellate Rule 2(H)(2) because it lacks a key phrase. An order "as to less than all of the issues, claims, or parties in an action may become final only by meeting the requirements of T.R. 54(B)." *Martin v. Amoco Oil Co.*, 696 N.E.2d 383, 385 (Ind. 1998). Trial Rule 54(B) requires a court's order to "expressly determine[] that there is no just reason for delay, and in writing expressly direct[] entry of judgment." T.R. 54(B); *Fields*, 842 N.E.2d at 806. These express directives are required "to provide a bright line so there is no mistaking whether an interim order is or is not appealable[,]" *Georgos*, 790 N.E.2d at 452, and safeguard "judicial economy by protecting against the appeal of orders that are not yet final[,]" *Front Row Motors, LLC*, 5 N.E.3d at 757 (quoting *Paulson v. Centier Bank*, 704 N.E.2d 482, 488 (Ind. Ct. App. 1998), *trans. denied*). Yet the trial court's order did not use the key phrase and state that there was "no just reason for delay" or direct entry of judgment. App. R. 2(H)(2). Instead, the Hamilton Superior Court entered an interim order, which lacked the key phrasing or an express directive for entry of judgment and granted temporary custody to Adoptive Parents until further action by the court. *Georgos*, 790 N.E.2d at 452.

# Conclusion

Hamilton Superior Court granted only temporary custody while the adoption petition was still pending. Its order was not a final judgment under Appellate Rule 2(H) because it neither disposed of all claims for all parties, *Georgos*, 790 N.E.2d at 451, nor stated, "there was no just reason for delay," T.R. 54(B). The appeal is dismissed.

Rush, C.J., and Slaughter, Goff, and Molter, JJ., concur.

ATTORNEYS FOR APPELLANT
Paul R. Sadler
Emswiller, Williams, Noland & Clarke, LLC
Indianapolis, IN

ATTORNEYS FOR APPELLEE
Bryan H. Babb
Steven D. Groth
Seema R. Shah
Bose McKinney & Evans LLP
Indianapolis, IN

Timothy R. Stoesz
Stoesz & Stoesz
Westfield, IN