COCHRAN *v*. SLOAN, AUDITOR ET AL.

[No. 15,227. Filed November 20, 1934.]

*Shake & Kimmell,* for appellant.

*Samuel M. Emison, Padgett & Padgett, Ramsey & Grayson, Floyd L. Young,* and *Alsop & Alsop,* for appellees.

BRIDWELL, C. J.—Appellant brought this action against the appellees to enjoin the publication in the Vincennes Post of a legal notice of claims filed and to be presented to the board of commissioners of Knox county, Indiana, for allowance at its January, 1933, session. Upon the filing of the complaint, which was verified, and a bond conditioned as required by law, the court before which the action was pending, issued a re-

straining order without notice prohibiting the publica-
tion of the notice in question. This order remained in
force and effect from the date of its issuance and serv-
ice on December 28, 1932, until the 30th day of Janu-
ary, 1933, when, upon motion of appellees theretofore
filed, it was dissolved. On March 20, 1933, the appel-
lees (defendants below) filed motion to dismiss the
cause, and, pending the ruling on the motion to dismiss,
the appellant (plaintiff below) offered to file what he
denominates a supplemental complaint, to the filing of
which the appellees objected, and, under instruction of
the court, reduced their objections to writing. On June
5, 1933, these objections were sustained and the appel-
lant excepted; the motion of appellees to dismiss the
cause was then sustained and appellant excepted. On
July 1, 1933, appellant filed his motion for a new trial,
which motion was overruled on October 2, 1933, and
appellant excepted. The transcript of the record then
discloses the following action: "And now the defend-
ants move for judgment on the finding of the court,
which motion is by the court sustained.

"It is therefore considered, ordered and adjudged by
the court that the defendants recover of and from the
plaintiff their costs herein laid out and expended." This
appeal was then taken, the appellant assigning errors
as follows: "(1) The court erred in sustaining appellees'
objections to the filing of a supplemental complaint by
this appellant. (2) The court erred in sustaining appel-
lees' motion to dismiss said cause. (3) The court erred
in overruling appellant's motion for a new trial."

Appellees have filed a motion to dismiss this appeal
for the following reasons: "(1) That at the time this
appeal was perfected, the time for the commission of
the acts alleged to have been threatened and sought to
be enjoined had expired. (2) This appeal was not taken
within 180 days from the dismissal of said cause. (3)

The appeal presents only mooted and abstract questions of law."

We find it unnecessary to pass upon the questions presented by appellees' motion to dismiss as there is another reason which the record affirmatively discloses that requires a dismissal of this appeal.

It appears that no final disposition of the cause has been made in the court below. Although the record, as heretofore stated, does show that the court sustained the defendants' motion to dismiss the cause, it wholly fails to show that any order dismissing the cause was entered or that any judgment of dismissal was rendered.

The right of appeal is statutory and our statute (Sec. 2-3201, Burns Ind. Stat.'s Ann. 1933, §471, Baldwin's 1934) provides for an appeal from all final judgments, except in certain actions of a class not involved here. There are some exceptions to this general rule provided by the statute cited, where appeals are authorized from certain interlocutory orders, but this case does not fall within any of those exceptions. See Sec. 2-3218, Burns Ind. Stats. Ann. 1933, §490, Baldwin's 1934.

It makes no difference how decisive may seem the ruling of a trial court as indicative of what the final judgment will be, for until there is such a final judgment no appeal can be properly taken, as appeals lie from final judgments only, except as otherwise provided by statute. *Thomas, Admr.* v. *The Chicago and Erie Ry. Co.* (1894), 139 Ind. 462, 39 N. E. 44; *O'Neill* v. *Johnson* (1911), 175 Ind. 705, 95 N. E. 229. Elliott's App. Proc., Sec. 83.

As the transcript does not show that a final judgment was rendered, the appeal was prematurely taken, and the same should be, and is dismissed.