WILLIAMS ET AL. *v*. WILLIAMS, ADMR., ET AL.

[No. 27,258. Filed November 13, 1939.]

*Cecil A. McCoy,* and *Patrick B. Prescott, Jr.,* for appellants.

*Galvin, Galvin & Leeney,* and *Emmett S. Huggins,* for appellees.

SHAKE, J.—In May, 1937, Pearl Williams, a resident of the city of Chicago, Illinois, and Madison L. Williams, a resident of Indiana, were killed in an automobile accident which occurred in the state of Tennessee. A statute of that state provides that an action for damages for wrongful death may be maintained for the benefit of the heirs of the decedent and that such action shall survive the death of the tortfeasor. The appellants, who are the heirs at law of said Pearl Williams, instituted this action in the superior court of Lake County

against the appellee Madison Williams, as administrator of the estate of said Madison L. Williams, and the Indiana Insurance Company of Indiana, to recover damages for the death of said Pearl Williams. The suit was commenced by the filing of the complaint and the issuance of summons. The complaint was in two paragraphs. The first paragraph sought damages only from the estate of Madison L. Williams; the second sought, also, to recover from the appellee Indiana Insurance Company upon a policy of liability insurance issued by it to the administrator's decedent.

The appellee Indiana Insurance Company filed a motion to strike out all parts of the second paragraph of the complaint relating or referring to it in any capacity. The motion was sustained and the appellants reserved an exception. Thereafter, appellants filed an amended complaint in one paragraph, seeking damages only from the appellee administrator. The appellee administrator, by special appearance, filed his verified motion to dismiss the amended complaint. That motion was also sustained by the following entry:

"And which motion is by the court sustained, to which ruling of the court plaintiffs except."

The appellants thereupon filed a written motion to vacate the order dismissing the action, which motion was overruled with an exception. The purported judgment from which the appeal is attempted was entered at the time the said motion to vacate was overruled. The record entry is as follows:

"Come now the plaintiffs and file motion to vacate order of dismissal of March 24th, 1939 and that in the event that the court overrules such motion to vacate such order to dismiss that such order of dismissal of March 24th, 1939 include four items enumerated in this motion, which motion

is in these words to-wit: (here follows the motion to vacate the order of dismissal)

"And defendant appears to said motion and objects to any modification of the order of March 24th, 1939. And which motion of plaintiff to vacate order of dismissal of March 24th, 1939 is by the court overruled and that part of plaintiffs' motion to include items enumerated in plaintiffs' motion in the order of March 24th, 1939 is by the court sustained. And defendant excepts as to that part of the ruling of the court which modifies the order of dismissal of plaintiffs' amended complaint and cause of action of March 24th, 1939. And plaintiffs except to the ruling of the court in overruling that part of the motion to vacate the order of dismissal of the order of March 24th, 1939.

"It is therefore considered, adjudged and decreed by the court that the defendants do have and recover of and from the plaintiffs (naming them) costs of this action."

With certain exceptions, which need not be noted here, the jurisdiction of this court is limited to appeals from final judgments. The question at once ██ arises whether we have here such a final judgment as will authorize an appeal. We think the inquiry must be answered in the negative. *O'Neill* v. *Johnson* (1911), 175 Ind. 705, 95 N. E. 229, was a case where there was an attempt to appeal from the following purported final judgment (p. 706):

" 'Now again come the parties by counsel, and the demurrer to the amended complaint is now sustained by the court, to which ruling of the court plaintiff excepts, and sixty days' time is allowed plaintiff in which to prepare and file her bill of exceptions herein. It is therefore considered and adjudged by the court that defendant recover of plaintiff his costs herein laid out and expended, taxed at $_____.' "

In dismissing the appeal the court said (pp. 706, 707):

"There is nothing in the entry to show that appellant 'failed and refused to plead further,' or that she otherwise elected to stand upon the sufficiency of her complaint, and that appellee recovered all the costs made in the action, as in the case of *State, ex rel.,* v. *Lung* (1907), 168 Ind. 553, or *Kelley* v. *Augsperger* (1908), 171 Ind. 155.

"As the transcript does not show that a final judgment was rendered, the appeal was prematurely taken."

In *Cochran* v. *Sloan, Auditor* (1934), 99 Ind. App. 408, 192 N. E. 772, the appellant attempted to appeal from an order sustaining a motion to dismiss the cause. The judgment of the trial court followed a recital that the motion to dismiss was sustained with an exception, and read (p. 409):

" 'It is therefore considered, ordered and adjudged by the court that the defendants recover of and from the plaintiff their costs herein laid out and expended.' "

In dismissing the appeal the court said (p. 410):

"It appears that no final disposition of the cause has been made in the court below. Although the record, as heretofore stated, does show that the court sustained the defendants' motion to dismiss the cause, it wholly fails to show that any order dismissing the cause was entered or that any judgment of dismissal was rendered. * * *

"It makes no difference how decisive may seem the ruling of a trial court as indicative of what the final judgment will be, for until there is such a final judgment no appeal can be properly taken, as appeals lie from final judgments only, except as otherwise provided by statute."

It seems clear that there is no such final judgment in the case before us as will authorize an appeal.

The appeal is dismissed.