SCHENKEL ET AL. *v.* CITIZENS STATE BANK.

[No. 20,461. Filed March 21, 1961. No Petition for Rehearing filed.]

*C. W. H. Bangs,* of Huntington, for appellants.

*Bloom & Bloom,* of Columbia City and *Stanley H. Matheny* and *Carlson, Lesh, Spencer, Matheny & McIntosh,* both of Huntington, all for appellee.

PRIME, J.—Citizens State Bank, Plaintiff below, filed its complaint against Appellant on February 9, 1965, for replevin of a certain 1964 Oldsmobile. Personal service of summons was obtained on Defendant-Appellant on February 11, 1965. Appearance was entered for Appellant on February 18, 1965. Notice was served on Appellant's attorney on March 24, 1965, notifying him to plead within 5 days, or by March 29, 1965. This notice was served pursuant to the established rules of the Huntington Circuit Court. Appellant's attorney signed and dated the notice and it was filed with the court on the date he entered thereon.

Appellee moved the court for judgment by default on March 31, 1965. The court made the following entry:

"Comes now the plaintiff by counsel and moves the court for judgment by default against the defendant, Richard L. Schenkel, for failure to plead showing to the court that the plaintiff did notify the defendant in writing to plead herein in accordance with the rules of this Court, and shows to the Court that the defendant has failed to plead pursuant to said notice. The Court now examines said notice to plead and proof of service of the same and sustains the plaintiff's motion for judgment by default. The Court now finds that by reason of such failure on the part of the defendant to plead, the plaintiff is entitled to judgment by default. Return of summons is now filed showing personal service on the defendant, Richard L. Schenkel, which summons with the sherriff's return reads as follows: [Summons heretofore set out]. The time for defendant to appear to answer or file any pleadings herein has fully expired and on motion of the plaintiff, the defendant, Richard L. Schenkel, is now 3 times duly called but comes not and is defaulted.

This cause is set for hearing and trial at 9:00 A.M. on April 20, 1965."

It appears from the record now before us that the amount of damages was not then, and has not yet, been determined. A motion to stay proceedings pending appeal filed by Appellant was granted by the trial court on September 1, 1965.

The sole question we need consider is whether or not a final judgment has been rendered below. It is clear that a

judgment is not final until and unless it determines the rights of the parties in the suit and reserves no further question or direction for future determination. *Pokraka* v. *Lummus* (1952), 230 Ind. 523, 104 N. E. 2d 669, and case cited therein.

A default judgment is final if it conclusively disposes of all the issues raised, including the amount of damages. If the judgment is that the defendant is defaulted, and that the plaintiff recover damages, but the amount is not liquidated or otherwise determined, the judgment is interlocutory. A defaulted defendant may still appear and be heard as to the amount of damages resulting from such an interlocutory judgment. *Carson Receiver* v. *Perkins* (1940), 217 Ind. 543, 29 N. E. 2d 772.

In view of the above authority, we are of the opinion that Appellant has attempted to appeal from a finding that Appellee was entitled to judgment. The totality of the rights and liabilities of the respective parties has not been finally determined.

This court may suspend its consideration of an appeal pending disposition of the issues before a trial court.

Indiana Supreme Court Rule 2-3.

This court therefore suspends its consideration of this cause until a final judgment is rendered by the trial court, and until such time as an appeal is taken therefrom.

This cause is remanded for proceedings not inconsistent with this opinion.

Remanded.

Cooper, C. J., Carson, Faulconer, JJ., concur.

NOTE.—Reported in 224 N. E. 2d 319.