STATE EX REL. MASS TRANSPORTATION AUTHORITY, ETC. *v.* INDIANA REVENUE BOARD ET AL.

[No. 767A39. Filed February 26, 1970.]

PER CURIAM—Because of the extremely complex issues in this case, it has become apparent to us that the basic premises on which the decision of this court rests have been obscured by a great deal of misguided oratory, and for that reason we would like to briefly review our position.

In the case of *Marbury* v. *Madison,* 1 Cranch 137, 2 L. Ed. 60, (1803), decided by the Supreme Court of the United States, a basic and inherent right of the judiciary was established, that being the right to review acts of Congress and actions of the Executive to determine their constitutionality. The effect of that decision was to establish that the *Constitution* is supreme in case of conflict, and, further, that the *court* is guardian of the Constitution. The courts have traditionally in a democratic form of government had the *exclusive* responsibility, in fact the *duty,* to interpret the law—the Constitution, statutes of the General Assembly, and case law—and apply the interpretation to the case at issue.

It should be understood that the court does not initiate disputes—it settles controversies which have arisen between *parties.* Thus, in the instant case, the plaintiff-petitioner, Mass Transportation Authority, sought a remedy against State officials. The controversy was duly submitted to the courts and eventually was heard and *decided* by this court.

While the issues themselves may be technical and complicated, the method of deciding them is not. This court reviewed the statutes, the applicable constitutional provisions and the applicable cases. The court then applied its findings and interpretations and held in favor of the plaintiff-petitioner, Mass Transportation Authority. To arrive at this decision this court did not *invent* law to support its decision; it did not *contrive* by means of judicial fiat to deprive one of the parties of their rights; it did not knowingly or willingly provoke one of the parties to take the law into their own hands.

It seems clear beyond need for supporting authority that this court has done *nothing more* than it is bound by the Constitution of this State to do—*interpret the law.*

And yet the defendant has continued to question *our right* to *interpret the law.* The spectre of lawlessness became more vivid each passing day, as one after another, statements of intent to *disregard the law* and to *disobey the order of the court,* emanated from parties-defendant to this suit; not simply

citizens of this State, but our highest elected officials. Surely no disagreement, no matter how controversial or how costly, is worth the price defendants appeared willing to pay—abandonment of the rule of law. The dictionary defines "anarchy" as a "lawless condition of society" and the "non-existence or incapability of governmental rule." Surely the word describes the condition this State would be in if the Executive Branch of Government willingly and knowingly refuses to obey the law and establishes itself as a super-judiciary to decide which laws it will obey, and which it will not.

The framers of our Constitution provided a system of checks and balances because they realized and appreciated the lesson of history that no man or group of men can be safely entrusted with unlimited power. They established this Constitution to be changed only by the procedure of amendment in order that the fundamental principles of our Government should be secure against the dangers of temporary popular passion or the personal prejudices of public office holders.

What check is there on the actions of the Executive if it is not bound by the law as the law is determined by the courts pursuant to the duty prescribed for them by the Constitution?

What check is there on the acts of the General Assembly if redress by the courts of grievances growing out of those acts is unavailable, or, worse, ineffective?

The judicial branch of government is checked by the very nature of its creation and its existence. Courts properly have neither the power of the purse (the General Assembly does) nor the power of the sword (the Governor does).

Neither the purse nor the sword can protect the liberty of free citizens.

A learned and distinguished public servant once said:

"We have in this country but *one security*. You may think that the *Constitution* is your security—it is nothing

but a *piece of paper*. You may think that the *statutes* are your security—They are nothing but *words in a book*. You may think that *elaborate machinery of government* is your security—it is nothing but an organization of mortal men. All of these things are nothing without strong, sound and uncorrupted public opinion and respect for the law."

We would point out that *no* privilege protects an elected public official from disciplining by the court for non-feasance, misfeasance or malfeasance in office.

We would further point out that the issues which have been raised—in some instances three, four and five times over—have been answered by this court, not ignored or overlooked. The defenses raised in behalf of the Auditor in the contempt proceeding were not new or novel—they were the same issues we have determined before. The Auditor asserts that she is bound by the Constitution and the laws of this State. We assert the law is before her. Her duty is clear. There is no malice in our order. There is only the intent that the dictates of the people through their Constitution be observed, and that a government of law for the State of Indiana be preserved.

## ORDER

Comes now the plaintiff-petitioner by attorneys Donald E. Bowen and Ronald S. Lieber, and comes also the defendant-respondent, Trudy Slaby Etherton[1], Auditor of the State of Indiana, in her own proper person, and by her attorneys,

---

1. On December 31, 1968, the date of the judgment in this case, the named defendants were the then incumbent officeholders and were named in their capacities as such officeholders, viz: Roger D. Branigin, as a Member of the Indiana Revenue Board; John P. Gallagher, Auditor of the State of Indiana, and as a Member of the Indiana Revenue Board; William L. Fortune, Commissioner of the Indiana Department of State Revenue; and Larry P. Mohr and Herbert C. Holmes, as Members of the State Board of Tax Commissioners of Indiana; and T. Michael Smith, as Inheritance Tax Administrator. This court takes judicial notice that these named defendants are no longer in office, and the court, on its own motion, has substituted the present incumbents in office as the nominal defendants.

Theodore L. Sendak, Attorney General of the State of Indiana; Richard C. Johnson, Deputy Attorney General: John Carmody, Deputy Attorney General; Sheldon A. Breskow, Deputy Attorney General; Wendell C. Hamacher, Deputy Attorney General, and the court having heretofore heard evidence on the issue joined by plaintiff-petitioner's affidavit alleging contempt and defendant-respondent's answer thereto, and the court having taken its finding under advisement, and now having considered the same and being duly and fully advised in the premises, finds that the allegations of plaintiff-petitioner's affidavit alleging contempt are true and that the defendant-respondent has failed to purge herself of contempt and is guilty of a contempt of this court in refusing to draw a warrant payable to the Clerk of this court, as heretofore ordered by this court on December 16, 1969.

The court further finds that by reason of defendant-respondent's contempt of this court she shall be committed to the custody of the Sheriff of Marion County, Indiana, and be held by him in the Marion County Jail until such time as she may purge herself by drawing said warrant on the Treasury of the State of Indiana, payable to the Clerk of this court, in compliance with the order heretofore issued on December 16, 1969, or until further order of this court.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED by the court that the defendant-respondent herein, Trudy Slaby Etherton, Auditor of the State of Indiana, be, and she is hereby, found guilty of contempt of this court.

IT IS FURTHER ORDERED AND DECREED that the said Trudy Slaby Etherton be, and she is hereby, committed to the custody of the Sheriff of Marion County, Indiana, and be held by him in the Marion County Jail until such time as she may purge herself by drawing said warrant on the Treasury of the State of Indiana, payable to the Clerk of this court, as heretofore ordered on December 16, 1969, which order, omitting caption, reads as follows:

"ORDER

"It appearing to this Court that pursuant to Order of the Court made and entered on November 19, 1969, James O. Mathis, as Commissioner of the Indiana Department of State Revenue and Richard A. Green, as Inheritance Tax Administrator of the State of Indiana, did on the 20th day of November, 1969, file with the Clerk of the Supreme and Appellate Courts duplicate certified computations of the amounts deposited by Marion County, Indiana, in the Indiana Inheritance Tax Account of the General Fund of the State Treasury for the calendar years 1967 and 1968.

"It further appearing that plaintiff, State of Indiana, on the relation of The Mass Transportation Authority of Greater Indianapolis, a municipal corporation, did on December 2, 1969, file its Answer to Response to Order of This Court-November 19, 1969, which Answer accepts as true the certified computation as hereinabove mentioned.

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Clerk of the Supreme and Appellate Courts transmit *instanter* a copy of said certified computation to Trudy Slaby Etherton, Auditor of the State of Indiana.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the said Trudy Slaby Etherton, Auditor of the State of Indiana, on or before December 22, 1969, draw and issue a warrant upon the General Fund of the Treasury of the State of Indiana for a sum equal to ninety percent (90%) of the amount so computed and certified and that she immediately present and deposit said warrant with the Clerk of the Supreme and Appellate Courts.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that John K. Snyder, Treasurer of the State of Indiana, honor said warrant when called upon to so do.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Clerk of the Supreme and Appellate Courts shall, upon receipt of said warrant, disburse the same as follows:

"1. Said amount so deposited with the Clerk of the Supreme and Appellate Courts of Indiana shall be disbursed by said Clerk to The Mass Transportation Authority of Greater Indianapolis, a municipal corporation, less the amount to be disbursed to the attorneys of record for The Mass Transportation Authority of Greater Indianapolis, a municipal corporation, in satisfaction of an attorneys' lien

filed by said attorneys for the plaintiff on February 28, 1969.

"2. The Clerk of the Supreme and Appellate Courts shall, upon receipt of the warrant representing ninety percent (90%) of State Inheritance Taxes remitted to the Indiana Department of State Revenue, Inheritance Tax Division, from Marion County, Indiana, which were deposited in the 'Inheritance Tax Account' of the State Treasury for the period January 1, 1967, through and including December 31, 1968, disburse ten percent (10%) of said funds so remitted for the period beginning January 1, 1967, to and including December 31, 1967, to the attorneys of record for The Mass Transportation Authority of Greater Indianapolis, a municipal corporation, which ten percent (10%) disbursement is in satisfaction of an attorneys' lien filed by the attorneys of record for the plaintiff herein on February 28, 1969.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that a copy of this Order be served upon John K. Snyder, Treasurer of the State of Indiana; upon Trudy Slaby Etherton, Auditor of the State of Indiana; and upon Kendal E. Mathews, Clerk of the Supreme and Appellate Courts, by the bailiff of this court.

"ORDERED this 16 day of December, 1969, at Indianapolis, Indiana.

"/s/ John W. Pfaff
JOHN W. PFAFF,
Chief Justice

"White, J., not participating"
or until further order of this court.

Dated at Indianapolis, Indiana, this 26th day of February, 1970.

JOE W. LOWDERMILK,
Chief Justice

White, J., not participating.

NOTE.—Reported in 255 N. E. 2d 833.