JESSE T. SPALL *v.* STATE OF INDIANA.

[No. 1-173A17. Filed May 14, 1973. Rehearing denied June 20, 1973.]

*Vernon E. St. John, Charles R. Deets III,* of Lafayette, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert A. Zaban,* Deputy Attorney General, for appellee.

## On Appellee's Motion to Dismiss

PER CURIAM—This cause is before the Court on the Appellee's Motion to Dismiss or Affirm and Memorandum in Support thereof, and the Appellant's Brief in Opposition to Motion to Dismiss. The Appellee's Motion to Dismiss and Memorandum allege this Court lacks jurisdiction to consider this cause because no Motion to Correct Errors was filed subsequent to the entry of judgment in the trial court.

The record of the proceedings herein reveals the following sequence of events:

| | |
|---|---|
| 6-28-72 | Jury returned verdict finding defendant guilty of driving under influence of intoxicating liquor. Deputy Prosecuting Attorney moved for judgment on the verdict (which was not acted upon at that time). |
| 7-7-72 | Defendant filed Motion to Correct Errors. |
| 10-25-72 | Court overruled Motion to Correct Errors. Court sustained Motion for Judgment on the verdict and ordered defendant to pay a fine of $25.00 costs, and suspended his driver's license for 60 days. |

There was no Motion to Correct Errors filed at any time subsequent to the Court's entry of judgment and sentence. The only Motion to Correct Errors which was filed, was filed after the verdict was returned but before judgment was entered thereon and sentence was pronounced.

Under our former procedure, the time within which to file a motion for new trial was governed by statute in criminal cases (Burns § 9-1903) and by Supreme Court rule in civil cases (former rule 1-14A). In both civil and criminal cases, the time for filing of the motion for new trial was within 30 days from the *verdict* or *decision* in civil cases, and within 30 days from the *verdict* or *finding* in criminal cases. The former statute and rule did not mention judgment or sentencing in stating when the motion for new trial must be filed.

Under our present procedure, the time for filing the Motion to Correct Errors is governed by rule TR. 59 (C) in civil

cases, and by rule CR. 16 in criminal cases. The time allowed in civil cases within which to file the Motion to Correct Errors is not later than 60 days *after* entry of *judgment*. In criminal cases, the defendant shall have 60 days *from* the date of *sentencing* to file the motion.

In both rule TR. 59 (C) and rule CR. 16, the Supreme Court set a different time in the proceedings as marking the beginning of the time within which one is to file the motion which begins the appellate process, than what had been he practice under our former procedure. If the Supreme Court had intended for the Motion to Correct Errors to be filed within 60 days from the *verdict* or *decision,* we think it would have continued to use the language contained in the former rule and statute. However the Court did not use the words "verdict" or "decision" in TR. 59 and CR. 16, but instead, used the words "judgment" and "sentencing." We therefore think the Supreme Court intended to change the former procedure so that now the Motion to Correct Errors should not be filed until *after* the entry of judgment or the sentencing, but should be filed within 60 days after the entry of judgment or sentence.

The effect of the appellant having prematurely filed his Motion to Correct Errors before sentencing, is that he has not filed any Motion to Correct Errors directed to the judgment or sentence, and therefore has not preserved any error on appeal. Without a Motion to Correct Errors having been filed, there is no complaint in the appellate tribunal, and nothing is presented to this court for review.

We note that since this attempted appeal is from a conviction in a criminal case, the appellant still has an avenue of appeal open to him *via* post conviction remedy Rule 2, since no timely Motion to Correct Errors was filed for the defendant and since the failure to file a timely Motion to Correct Errors was not the fault of the defendant.

The Appellee's Motion to Dismiss is sustained, and this cause is dismissed.

NOTE.—Reported at 295 N.E.2d 852.