HENRY P. CLANTON *v.* STATE OF INDIANA.

[No. 2-773A153. Filed March 26, 1974.]

*Robert G. Mann,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert A. Zaban,* Deputy Attorney General, for appellee.

PER CURIAM—This cause is pending before the Court on the appellee's Motion to Dismiss and the appellant's Brief in Opposition thereto. The Motion to Dismiss alleges that the appellant has not preserved any error on appeal for the reason that the appellant's Motion to Correct Errors was filed after

the jury returned its verdict, but before the Court entered judgment by sentencing the defendant-appellant.

We have examined the record of the proceedings herein and find that appellee's contention is true. The record reveals that the jury returned its verdict on February 17, 1973. The defendant then filed a motion for new trial on February 26, 1973. Thereafter, on March 9, 1973, a motion to correct errors was filed. On March 13, 1973, the Court pronounced sentence on the verdict, entered judgment, and granted leave to the defendant to withdraw his previously filed motion for new trial. The trial court subsequently overruled the motion to correct errors on April 10, 1973.

The question thus presented has previously been decided by this Court in the case of *Spall* v. *State* (1973), 156 Ind. App. 189, 295 N.E.2d 852. In the case presently before us, as well as in *Spall*, there was no motion to correct errors filed at any time subsequent to the court's entry of judgment. The only motion to correct errors that was filed was filed after the verdict was returned but before judgment was entered thereon.

In *Spall*, we compared the language employed in the former statute and rule with the language employed in the present rules TR. 59 (C) and CR. 16, and concluded that the Supreme Court intended to change the former procedure so that now, under the present rules, the motion to correct errors should not be filed until *after* the entry of judgment, but should be filed within 60 days thereafter. We then stated as follows:

> "The effect of the appellant having prematurely filed his Motion to Correct Errors before sentencing, is that he has not filed any Motion to Correct Errors directed to the judgment or sentence, and therefore has not preserved any error on appeal. Without a Motion to Correct Errors having been filed, there is no complaint in the appellate tribunal, and nothing is presented to this court for review."

Since the question presented in this motion is the same as that presented in *Spall*, the same result must obtain.

The appellee's Motion to Dismiss is sustained and this cause is dismissed.

NOTE.—Reported at 308 N.E.2d 726.