MAX J. HANSBROUGH, ON BEHALF OF HIMSELF AND ALL OTHER TAXPAYERS OF THE CITY OF INDIANAPOLIS, COUNTY OF MARION, STATE OF INDIANA, SIMILARLY SITUATED *v.* INDIANA REVENUE BOARD ET AL.

[No. 2-174A31. Filed April 30, 1975.]

Robert V. Bridwell, Robert D. Epstein, Connor, Epstein & Frisch, of Indianapolis, for appellant.

Theodore L. Sendak, Attorney General, Robert S. Spear, Deputy Attorney General, for appellee.

## CASE SUMMARY

BUCHANAN, J.—Plaintiff-Appellant Max J. Hansbrough (Hansbrough) seeks to appeal from the dismissal of his taxpayer's complaint against the Defendant-Appellee Indiana Revenue Board (Board) for payment of interest on a previously court-ordered distribution of Indiana Inheritance Tax funds without having filed a motion to correct errors to the trial court's final judgment.

We dismiss the appeal sua sponte.

## FACTS

Because of the limited scope of our decision, only the procedural facts are pertinent.

On February 25, 1973, Hansbrough, on behalf of himself and all other taxpayers of Indianapolis, filed a class action seeking collection of judicial interest on Inheritance Tax funds in the amount of $12,373,338.97 previously ordered paid by the Appellate Court of Indiana to the Mass Transportation Authority of Greater Indianapolis (now the Department of Transportation of the City of Indianapolis). [See State ex rel.

*Mass Transportation Authority* v. *Indiana Revenue Board* (1969), 144 Ind. App. 63, 242 N.E.2d 642, 253 N.E.2d 725.]

Thereafter, on March 14, 1973, the Board filed a Motion to Dismiss pursuant to Trial Rule 12(B)(6), contending that Hansbrough failed to state a claim upon which relief could be granted. Specifically, the Board alleged that judicial interest lies only on a money judgment and that the judgment of the Appellate Court was in the form of a Writ of Mandate, not a money judgment.

At a hearing on April 25, 1973 the Board's Motion to Dismiss and a Motion by Hansbrough for determining if a class action should be maintained were argued. The court made no ruling on these motions at that time and gave the parties "two weeks to brief additional points raised by the Court."

After supplemental briefs and memoranda were filed by the respective parties, the trial court on July 5, 1973, sustained the Board's Motion to Dismiss in these words:

"Motion to dismiss sustained. Motion to make class action now moved and over-ruled."
(the July Fifth Entry)

No further proceedings occurred until August 31, 1973, when Hansbrough filed a Motion to Correct Errors and supporting memorandum directed to the July Fifth Entry arguing the points of law previously raised in the pleadings.

Then on October 25, after oral argument, the Motion to Correct Errors was overruled and the trial court, for the first time, made findings and conclusions relating not only to the question of whether judicial interest lies on a Writ of Mandate (as opposed to a money judgment), but also made findings and conclusions relating to jurisdiction and standing issues. The exact wording of this Entry of October 25 is set out below.

Hansbrough did *not* file a Motion to Correct Errors to the October Twenty-Fifth Entry.

## ISSUE

We deem the only issue to be:

Should this "appeal" be dismissed because a Motion to Correct Errors was not filed to the October Twenty-Fifth Entry?

Neither party formulates an argument specifically addressed to this issue. However, this Court's continuing duty to take notice of its lack of jurisdiction requires us to be cognizant of our limitations, and therefore we raise this issue sua sponte. *Bell* v. *Wabash Valley Trust Company* (1973), 156 Ind. App. 476, 297 N.E.2d 924, 925; Bobbitt, 1 Indiana Appellate Practice and Procedure 539 (1972), and cases cited at footnote 50.

## DECISION

CONCLUSION—It is our opinion that this appeal must be dismissed because Hansbrough failed to file a Motion to Correct Errors to the October Twenty-Fifth Entry, which was the final judgment of the trial court.

One of the chasms over which an aspiring Appellant must leap on the laborious appellate trail, is to demonstrate that he has filed a Motion to Correct Errors to a final appealable judgment. Rule TR. 59(G), Rule AP. 4.

Hansbrough did file such a Motion to the July Fifth Entry . . . an entry which simply sustained the Board's Motion to Dismiss and overruled Hansbrough's Motion to make class action, and purported to do no more. It was to this Entry (July Fifth) that Hansbrough's Motion to Correct Errors was directed. No such Motion was filed to the October Twenty-Fifth Entry, which, for reasons hereinafter discussed, we believe to be the final judgment from which an appeal should have been taken.

The October Twenty-Fifth Entry for the first time set forth the reasons in fact and law upon which the July Fifth Entry was based and also included new and additional find-

ings and conclusions of law as to the trial court's jurisdiction and Hansbrough's standing. It provided:

"This case came on for hearing on plaintiff's motion to correct errors, said motion having been heard on the 19th day of September, 1973. Said motion to correct errors sought to overturn the Court's entry of July 6, 1973, sustaining defendants' motion to dismiss.

"The plaintiff appeared on September 19, 1973, by his attorneys Robert D. Epstein and Robert V. Bridwell; defendants appeared on said date by Curtis J. Butcher, Deputy Attorney General, and Robert S. Spear, Deputy Attorney General.

"The Court now finds and concludes as follows:

"1.   The Appellate Court of Indiana, pursuant to Burns (1968 Repl.) § 3-2121, took complete and orginal [sic] jurisdiction for all purposes of the case of *State ex rel. Mass Transportation Authority* v. *Indiana Revenue Board* (1968), 144 Ind. App. 63, 242 N.E.2d 642; *ibid.*, 144 Ind. App. 63, 253 N.E.2d 725; *ibid.*, 146 Ind. App. 334, 255 N.E.2d 833, by removing said case from the Superior Court of Marion County, Room No. 3. Therefore, this Court cannot rightfully assume jurisdiction of any ancillary proceedings of the subject matter of said cause.

"2.   Even if subject matter jurisdiction properly were vested in this Court:

"A.   No interest was requested and none awarded in the decision of *State ex rel. Mass Transportation Authority* v. *Indiana Revenue Board, supra,* and no motion to correct errors was timely filed.

"B.   Plaintiff herein is a stranger to the record of said case. No motion to intervene in said case nor any other pleading was filed therein on behalf of plaintiff Hansbrough.

"C.   Plaintiff herein did not attempt to intervene or take other appropriate action in a timely fashion, but instead waited until February 21, 1973, to file the instant action.

"D.   Any action to recover any interest which might accrue would properly be against officials of the Metropolitan Transportation Authority for failure to request said interest, not against the State of Indiana.

"E.  Notwithstanding any other issues of this cause, judicial interest will not lie on a writ of mandate. The decision of the Appellate Court of Indiana in *State ex rel. Mass Transportation Authority* v. *Indiana Revenue Board, supra,* was clearly a writ of mandate, not a judgment for money within the meaning of the statutes of the State of

Indiana. Plaintiff's complaint therefore does not state a claim upon which relief can be granted under any set of facts.

"It is, therefore, ORDERED, ADJUDGED, and DE-CREED that plaintiff's motion to correct errors is hereby overruled this 25 day of October, 1973.

"/s/ G. W. Funk, Judge, Superior Court of Marion County—Room No. 3"

(the October Twenty-Fifth Entry)

Thus we conclude that for the first time it set forth findings of fact and conclusions not present in the July Fifth Entry.

Here we must pause to determine if this new Entry of October Twenty-Fifth was in truth a final judgment . . . and we conclude it possessed such finality.

The ultimate test of what constitutes a final judgment which an appeal may be taken was described in *Krick* v. *Farmer's & Merchants Bank of Boswell*[1] (1972), 151 Ind. App. 7, 279 N.E.2d 254;

"To be appealable as a final judgment, an order or judgment must be one which *finally determines the rights of the parties involved;* or,

"[I]f it does not dispose of all the issues, it will be appealable if it disposes of some distinct and definite branch of the proceedings *leaving no further question for future determination* by the court as to that particular issue." (Emphasis supplied). 151 Ind. App. at 15, 279 N.E.2d at 259

*See also,*

*Thompson* v. *Thompson* (1972), 259 Ind. 266, 286 N.E.2d 657, 659; *State ex rel. Neal* v. *Hamilton Circuit Court* (1967), 248 Ind. 130, 134, 224 N.E.2d 55; *Seaney* v. *Ayres* (1958), 238 Ind. 493, 151 N.E.2d 295, 296, 297; *Schenkel et al.* v. *Citizens State Bank* (1967), 140 Ind. App. 558, 559, 560, 224 N.E.2d 319; *Vinson* v. *Rector* (1960), 130 Ind. App. 606, 609, 610, 167 N.E.2d 601; Bobbitt, 1 Indiana Appellate

---

1. Also see *First Nat. Bank, Martinsville* v. *Crone* (1973), 157 Ind. App. 665, 672, 301 N.E.2d 378, 382, in which the trial court's judgment stated:

"The court finds against the defendant Johnson."

Chief Judge Robertson concluded "that the form of the judgment is defective for uncertainty" in that there was no mention of a specific sum due to the bank; neither was a party-defendant included within the judgment; nor was there any mention of attorney's fees, if any, as requested by the bank's prayer for relief.

Practice and Procedure 364 (1972), and cases cited at footnotes 7-9.

Examining the October Twenty-Fifth Entry it is apparent that for the first time the trial court made various findings and conclusions: That judicial interest does not lie on a writ of mandate (which was the only issue raised in the Board's Motion to Dismiss); that the trial court did not have subject matter jurisdiction over Hansbrough's claim; that even if there was subject matter jurisdiction, nevertheless the question of judicial interest was not timely raised, nor was Hansbrough the proper party to raise this question.

There was, then, no question left for future determination. All issues were resolved.

The trial court recognized the finality[2] of its judgment by stating, "Plaintiff's [Hansbrough] Complaint therefore does not state a claim upon which relief can be granted under any set of facts." . . . and further expressed its intent to finally dispose of the rights of the parties by ordering, adjudging and decreeing that Hansbrough's *previously* filed Motion to Correct Errors be overruled.

Thus the October Twenty-Fifth Entry was the trial court's *last* entry and it "finally determine[d] the rights of the parties involved * * * leaving no further question for future determination," *See, Krick* v. *Farmer's & Merchant's Bank of Boswell, supra.*

Having concluded that the October Twenty-Fifth Entry was a final judgment containing conclusions of law and fact not present in the July Fifth Entry, we turn to the effect of Hansbrough's failure to file a Motion to Correct Errors to the October Twenty-Fifth Entry . . . and find such omission to be fatal.

Regardless of whether the July Fifth Entry was a final

---

2. In determining the question of finality, "It [the Entry] should be construed in accordance with the conduct of the parties and the intention of the court gathered from the language of the judgment or decree." *Swartz* v. *Swartz* (1951), 121 Ind. App. 635, 645, 101 N.E.2d 822, 826.

judgment[3] (a bridge we need not cross), it was so modified and changed by the final judgment (entry) of October Twenty-Fifth that a Motion to Correct Errors thereto should have been filed pursuant to TR.59(G)[4] and AP.4(A)[5] thereby affording the trial court an opportunity to correct its alleged errors. Recent cases support this conclusion.

See,

> *State* v. *Deprez* (1973), 260 Ind. 413, 296 N.E.2d 120; *Davis* v. *Davis* (1974), 159 Ind. App. 290, 306 N.E.2d 377; *Koziol* v. *Lake County Plan Comm.* (1974), 161 Ind. App. 232, 315 N.E.2d 374; *State* v. *Kushner* (1974), 160 Ind. App. 464, 312 N.E.2d 523; *Wyss* v. *Wyss* (1974), 160 Ind. App. 281, 311 N.E.2d 621.

The leading case is *Deprez, supra.* In a similar factual setting the court held:

> "This new entry for the first time set forth the reasons in fact and in law upon which the trial court's dismissal was based. If they were in error, then a Motion to Correct Errors was clearly necessary."

and the Court then concluded:

> "[T]he February 3, 1971 entry [as opposed to a November 4, 1970 entry of dismissal] became the final judgment, to which a Motion to Correct Errors, referred to in Rule AP.4, should have been filed." *State* v. *Deprez, supra,* 260 Ind. at 420-21, 296 N.E.2d at 124.

In *Davis* v. *Davis, supra,* 159 Ind. App. at 294, 306 N.E.2d at 380, we followed and analyzed *Deprez,* saying:

---

3. See *Hendrickson* v. *Am. Fletcher Nat. Bank & Trust Co.* (1973), [158] Ind. App. [20], 301 N.E.2d 530, which held that an order merely sustaining a motion to dismiss pursuant to TR. 12(B)(6), *without entering judgment thereon,* is not an appealable matter. And judgment cannot be entered thereon until after ten days has elapsed as required by TR. (12)(B), which states:

"When a motion to dismiss is sustained for failure to state a claim under subsection (B)(6) of this rule the pleading may be amended once as of right pursuant to Rule 15(A) within ten [10] days after service of notice of the court's order sustaining the motion and thereafter with permission of the court pursuant to such rule."

4. TR. 59(G) reads: *"Motion to correct error a condition to appeal.* In all cases in which a motion to correct errors is the appropriate procedure preliminary to an appeal, * * *."

5. AP. 4(A). *"Appeals from final judgments.* Appeals may be taken by either party from all final judgments * * *. A Ruling or order by the trial court granting or denying a motion to correct errors shall be deemed to be a final judgment, and an appeal may be taken therefrom."

"Thus, the Supreme Court has interpreted Rule AP.4(A) to mean that if a trial court grants or denies a motion to correct errors which is accompanied by a new entry or judgment *consisting of additional findings, amendments, or other alterations* of the prior judgment, the party aggrieved thereby must file a motion to correct errors addressed to the new entry which has become the final judgment from which appeal is taken." (Emphasis supplied).

Thus, we do not have jurisdiction to decide this "appeal" because a Motion to Correct Errors was not filed to the trial court's final judgment (the October Twenty-Fifth Entry). Regretfully, this fatal omission requires us to dismiss this appeal for lack of jurisdiction.

Appeal dismissed.

Lowdermilk, J., concurs.

Sullivan, P.J., concurs with opinion.

### CONCURRING OPINION

SULLIVAN, P.J.—I concur in the dismissal of the purported appeal before us but for reasons substantially different than those stated by the majority.

There has been no judgment, final or otherwise, entered in the trial court. My colleagues prefer to not consider whether the July 5 entry is a final judgment. It is clear to me that such entry is not a judgment at all. It is very simply a ruling on a Motion to Dismiss. It cannot be construed otherwise. *Hendrickson* v. *AFNB* (1973), 158 Ind. App. 20, 301 N.E.2d 530 (impliedly overruled on other grounds by *Soft Water Utilities* v. *LeFevre* (1973), 261 Ind. 260, 301 N.E.2d 745 (opinion on transfer)).

In *Cochran* v. *Sloan* (1934), 99 Ind. App. 408, 410, 192 N.E. 772, as quoted with approval in *Williams* v. *Williams* (1939), 216 Ind. 110, 113, 23 N.E.2d 428 and as requoted in *Fairwood Bluffs Conservancy District* v. *Imel* (1970), 146 Ind. App. 352, 255 N.E.2d 674, 682-683, it was said most succinctly:

"It appears that no final disposition of the cause has been made in the court below. Although the record, as hereto-

fore stated, does show that the court sustained the defendants' motion to dismiss the cause, it wholly fails to show that any order dismissing the cause was entered or that any judgment of dismissal was rendered. * * *

"It makes no difference how decisive may seem the ruling of a trial court as indicative of what the final judgment will be, for until there is such a final judgment no appeal can be properly taken, as appeals lie from final judgments only, except as otherwise provided by statute."

Furthermore, the entry of July 5 could not be considered a final judgment even had it contained language of such import because Indiana Rules of Procedure, Trial Rule 12(B) provides in part:

"When a motion to dismiss is sustained for failure to state a claim under subsection (B) (6) of this rule the pleading may be amended once as of right pursuant to Rule 15(A) within ten [10] days after service of notice of the court's order sustaining the motion and thereafter with permission of the court pursuant to such rule."

Thus, no judgment of dismissal, even if intended or contemplated by the trial court, could be appropriately entered until more than ten days following the ruling of July 5 which sustained the Motion to Dismiss.

The purported Motion to Correct Errors filed by Hansbrough was premature. A Motion to Correct Errors necessarily contemplates a previously entered judgment. The absence of such a judgment therefore renders any purported Motion to Correct Errors a nullity. *Clanton* v. *State* (1974), 159 Ind. App. 603, 308 N.E.2d 726.

Accordingly, the "ruling" on the "Motion to Correct Errors" cannot be deemed to be a final judgment pursuant to AP. 4(A) for purposes of an appeal.

We specifically held in *Clanton* v. *State, supra:*

"The question thus presented has previously been decided by this Court in the case of *Spall* v. *State* (1973), [156] Ind. App. [189], 295 N.E.2d 852. In the case presently before us, as well as in *Spall,* there was no motion to correct errors filed at any time subsequent to the court's entry of judgment. The only motion to correct errors that was

filed was filed after the verdict was returned but before judgment was entered thereon.

In *Spall,* we compared the language employed in the former statute and rule with the language employed in the present rules TR. 59 (C) and CR. 16, and concluded that the Supreme Court intended to change the former procedure so that now, under the present rules, the motion to correct errors should not be filed until after the entry of judgment, but should be filed within 60 days thereafter. We then stated as follows:

> 'The effect of the appellant having prematurely filed his Motion to Correct Errors before sentencing, is that he has not filed any Motion to Correct Errors directed to the judgment or sentence, and therefore has not preserved any error on appeal. Without a Motion to Correct Errors having been filed, there is no complaint in the appellate tribunal, and nothing is pesented to this court for review.'

Since the question presented in this motion is the same as that presented in *Spall,* the same result must obtain." 308 N.E.2d at 727.

The majority views the October 25 "ruling" or "entry" as a final judgment, notwithstanding that it purports to be nothing more than a ruling on a Motion to Correct Errors. It does not purport to be a judgment at all and it contains no words or phrases susceptible to such an inference. To the contrary, it is specifically directed to a "motion to correct errors sought to overturn the Court's *entry of July 6 (sic), 1973, sustaining defendant's motion to dismiss."* (Emphasis supplied). To be sure the ruling on the purported Motion to Correct Errors contains a statement of reasons, in the form of Findings and Conclusions, for rejecting the "Motion to Correct Errors" and it contains a rationale for the July 5 ruling. But findings, conclusions, reasons, opinions or rationales are not sufficient, for appellate purposes, to constitute a final determination of the rights of the parties. *Farley* v. *Farley* (1973), 157 Ind. App. 385, 300 N.E.2d 375; 3 Harvey, Indiana Practice § 54.1, p. 494. Therefore, even though the findings and conclusions here dealt in a seemingly determinative manner with certain issues within the framework of the case in litigation, such findings and conclusions did not constitute a final appealable judgment. Thus, even had Hans-

brough filed another purported Motion to Correct Errors directed to the October 25 entry, as the majority here would require, we would nevertheless be required to dismiss any subsequent attempted appeal for no reviewable question could be thereby presented. *Clanton* v. *State, supra.*

NOTE.—Reported at 326 N.E.2d 599.