**INDIANA REVENUE BOARD, Otis R. Bowen, as a member of the Indiana Revenue Board: Julian L. Ridlen, Treasurer of the State of Indiana and as a member of the Indiana Revenue Board; Charles Loos, Auditor of the State of Indiana and as a member of the Indiana Revenue Board; the State Board of Tax Commissioners: Carleton L. Phillippi; Durwood S. Strang; Taylor I. Morris, Jr.; as members of the State Board of Tax Commissioners of the State of Indiana; William Tracy, as Inheritance Tax Administrator; Donald Clark, as Commissioner of the Indiana Department of State Revenue, Defendants-Appellants,**

v.

**R. Jean HANSBROUGH and Max J. Hansbrough, on behalf of themselves and all other taxpayers of the City of Indianapolis, County of Marion, State of Indiana, similarly situated, Plaintiffs-Appellees.**

No. 381S71.

Supreme Court of Indiana.

March 10, 1981.

Linley E. Pearson, Atty. Gen. of Indiana, Alembert W. Brayton, Deputy Atty. Gen., Indianapolis, for defendants-appellants.

Robert D. Epstein, Michael J. Donahoe, Epstein & Frisch, Indianapolis, E. Alonzo Deckard, Lind, Deckard & O'Brien, Danville, for plaintiffs-appellees.

PIVARNIK, Justice.

This cause comes to us on a Petition to Transfer from an order of the First District Court of Appeals remanding this cause to the trial court on July 16, 1980. Max J. Hansbrough and R. Jean Hansbrough, his wife, brought this action in Marion Superior Court Room 5, on behalf of themselves and all other taxpayers of the City of Indianapolis, County of Marion, State of Indiana.

The action was venued to the Hendricks Circuit Court and judgment was entered by Judge Boles there. This is the second purported class action brought by Max J. Hansbrough, and in this case, his wife Jean, as alleged taxpayers on behalf of themselves and all other taxpayers of the City of Indianapolis, County of Marion, State of Indiana, similarly situated on their amended complaint against the Governor, Treasurer and Auditor, as members of the State Revenue Board and the State Board of Tax Commissioners and the Commissioner of the Department of State Revenue, claiming that they, as such taxpayers, are entitled to interest on an alleged judgment rendered in *State ex rel. Mass Transportation Authority of Greater Indianapolis v. Indiana Revenue Board, et al.,* (1968) 144 Ind.App. 63, 242 N.E.2d 642 in the Appellate Court of Indiana. They claim that there was a shortage of an amount in excess of $800,000 in the amount that was actually paid to the Mass Transportation Authority and the amount of judgment. They seek interest on that amount from December 31, 1968 until March 4, 1970.

The Court of Appeals found that the records of the Clerk of the Court of Appeals contained a release of plaintiffs in the action, releasing the defendants in full and acknowledging receipt of the judgment amount of $11,909,752.60. The release was never presented to the trial court and apparently the attorneys handling the matter for the State of Indiana and the trial court were unaware of its existence. On July 16, 1980, the Court of Appeals remanded the cause to the trial court for it to determine the validity of the release and the effect of the release, if valid, and the order upon the matters in issue in the cause. Since we find that the Court of Appeals can, and should, resolve this matter without remand to the trial court, we vacate the July 16, 1980 order of the Third District Court of Appeals in the cause and grant transfer.

The original cause to which the action before us originates, was initiated by Mass Transportation Authority as Plaintiff, filing a petition in the Superior Court of Marion

County Room 3, to mandate the defendants to comply with House Enrolled Act No. 1818, passed by the General Assembly during its 1967 Session. House Enrolled Act No. 1818 directed the payment of 90% of inheritance taxes collected by the State paid to the Mass Transportation Authority. In the proceedings, the trial judge granted a temporary restraining order against the defendants enjoining them from continuing to apply the taxes levied and collected under the inheritance tax law of Indiana according to the acts of the General Assembly of Indiana 1931, Ch. 75 § 36, as it existed prior to its amendment by the 1967 Act. The trial judge granted a temporary restraining order. The Attorney General, on behalf of the defendants, prior to the hearing date set by the Superior Court of Marion County, filed a petition to transfer the cause to the Court of Appeals (then Appellate Court) pursuant to Ch. 7 of the Acts of 1965 (Second Special Session). After a hearing, the Appellate Court, sitting *en banc*, on the petition to transfer, assumed jurisdiction and transferred the cause to the Appellate Court and dissolved the existing restraining order. After hearing the cause on the merits, acting as a trial court, the Appellate Court entered judgment in favor of the plaintiffs and against the defendants. This judgment was entered on December 31, 1968. *State ex rel. Mass Transportation Authority of Greater Indianapolis v. Indiana Revenue Board, et al.,* (1968) 144 Ind. App. 63, 242 N.E.2d 642.

On November 19, 1969, the Appellate Court, on its own Motion, ordered and directed all of the defendants and each of them, the then Indiana Revenue Board, Governor, Treasurer, Auditor, the Indiana Department of State Revenue and the Commissioner thereof, the State Board of Tax Commissioners and Inheritance Tax Administrator of the State, to make a written computation of the exact amount of state inheritance taxes imposed in Marion County, Indiana, by Ch. 75, § 36 Acts of 1931 as amended by House Enrolled Act 1818, 1967 General Assembly, which were deposited in the Inheritance Tax Account of the State Treasury between January 1, 1967, and to and including December 31, 1968. All defendants were ordered to file a certified copy of said written computation with the Clerk of the Supreme and Appellate Courts. On February 28, 1969, attorneys representing Mass Transportation Authority filed a notice of intention to hold an attorneys lien pursuant to an agreement entered into by said attorneys and the Mass Transportation Authority on the 20th day of July, 1967. Said agreement provided that said attorneys were to receive an amount equal to ten percent of the first year's Marion County inheritance tax revenue received by the Authority as a result of counsel obtaining a court determination in favor of Mass Transportation Authority.

On December 16, 1969, the Appellate Court entered an order with the following provisions: (1) a finding that, pursuant to the order of the Appellate Court entered on November 19, 1969, James O. Mathis, as Commissioner of the Indiana Department of State Revenue, and Richard D. Green, as Inheritance Tax Administrator of the State of Indiana, did, on the 20th day of November, 1969, file with the Clerk of the Supreme and Appellate Courts, duplicate certificate computations of the amounts deposited by Marion County, Indiana, in the Indiana Inheritance Tax Account of the General Fund of the State treasury for the calendar years 1967 and 1968; (2) a finding that the plaintiff State of Indiana on relation of the Mass Transportation Authority of Greater Indianapolis filed an answer in response to the order which accepted as true the certified computations as filed; (3) an order that the Clerk of the Supreme and Appellate Courts transmit instanter a copy of said certified computation to the Auditor of the State of Indiana; (4) an order that said State Auditor draw and issue a warrant on or before December 22, 1969, upon the general fund of the treasury of the State of Indiana for a sum equal to 90% of the amount so computed and certified and immediately present and deposit said warrant with the Clerk of Supreme and Appellate Courts; (5) an order that the Treasurer of the State of Indiana honor said warrant

when called upon to do so; (6) an order that the Clerk, upon receipt of said warrant, disburse the same as follows: (a) disburse the amount deposited to the Mass Transportation Authority of Greater Indianapolis less the amount to be disbursed to the attorneys of record in satisfaction of the attorney's lien filed by them on February 28, 1969; (7) an order that the Clerk disburse the 10% to the attorneys of record in satisfaction of their attorney's lien. *State ex rel. Mass Transportation Authority of Greater Indianapolis v. Indiana Revenue Board, et al.,* (1969) 146 Ind.App. 334, 255 N.E.2d 833.

The record of the Appellate Court further shows that all of the above orders were complied with. An amount of $12,737,-338.98 was deposited with the Clerk of this Court. The Clerk of this Court issued a check in the amount of $11,909,752.60 to the Department of Transportation, successor to Mass Transportation Authority, original Plaintiff, and the Mass Transportation Authority filed an acknowledgment of receipt of said amount and a release in full of all claims. The Clerk of the Supreme Court, on the same date, also issued a check to the attorneys of record in the amount of $827,-586.37, in satisfaction of the attorneys' lien and the attorneys filed an acknowledgment of receipt of said amount and a release in full payment of all claims. Simple mathematics will, of course, show that the total of these two amounts is $12,737,338.97. Contained in the records of the Court of Appeals are all of these acknowledgments, releases, and the cancelled checks of the Clerk of the Supreme Court. The Appellate Court, on March 5, 1970, showed, by its order entered that day, that its judgment entered on December 31, 1968, had been fully satisfied.

Thus, the Court of Appeals, acting as a trial court and in full jurisdiction of all the issues, completely and finally decided this case. Their pronouncements became the law of the case and all of the matters concerning this case and these parties are contained in their own records.

Thereafter, on February 21, 1973, Max J. Hansbrough, the same Max J. Hansbrough who is plaintiff in the case before us, filed his first class action seeking collection of judicial interest on inheritance tax funds previously ordered paid by the Appellate Court to the Mass Transportation Authority. This cause was filed in the same court in which he originally filed in the action presently before us, Marion County Superior Court Room 3, before Judge Glenn W. Funk. It is apparent that the $800,000 plus that Hansbrough is concerned about is the amount paid in a separate check to the attorneys of record as set out above. As we indicated, this amount was paid directly to the attorneys pursuant to the Court order, and the amount paid to the Mass Transportation Authority was minus the $827,586.37. There was then, of course, no shortage in the payment. The full amount, as determined by the computations filed by the defendants and ordered paid by the Court, were paid and acknowledgment of this was made by the plaintiffs, the attorneys, and by the Appellate Court, in its order of March 5, 1970.

In Hansbrough's case before Judge Funk in 1973, the trial court found against Hansbrough. He first did so on July 5, 1973, by sustaining a motion to dismiss and overruling a motion to make a class action by Hansbrough. After a motion to correct errors was filed, the court made the following findings and orders.

"1. The Appellate Court of Indiana, pursuant to Burns' (1968 Repl.) § 3–2121, took complete and orginal [sic] jurisdiction for all purposes of the case of *State ex rel. Mass Transportation Authority v. Indiana Revenue Board* (1968), 144 Ind. App. 63, 242 N.E.2d 642; *ibid.,* [144] 244 Ind.App. 63, 253 N.E.2d 725; *ibid.,* [146] 246 Ind.App. 334, 255 N.E.2d 833, by removing said case from the Superior Court of Marion County, Room No. 3. Therefore, this Court cannot rightfully assume jurisdiction of any ancillary proceedings of the subject matter of said cause.

2. Even if subject matter jurisdiction properly were vested in this Court:

A. No interest was requested and none awarded in the decision of *State ex rel. Mass Transportation Authority v. Indiana Revenue Board, supra* and no motion to correct errors was timely filed.

B. Plaintiff herein is a stranger to the record of said case. No motion to intervene in said case nor any other pleading was filed therein on behalf of plaintiff Hansbrough.

C. Plaintiff herein did not attempt to intervene or take other appropriate action in a timely fashion, but instead waited until February 21, 1973, to file the instant action.

D. Any action to recover any interest which might accrue would properly be against officials of the Metropolitan Transportation Authority for failure to request said interest, not against the State of Indiana.

E. Notwithstanding any other issues of this cause, judicial interest will not lie on a writ of mandate. The decision of the Appellate Court of Indiana in *State ex rel. Mass Transportation Authority v. Indiana Revenue Board, supra,* was clearly a writ of mandate, not a judgment for money within the meaning of the statutes of the State of Indiana. Plaintiff's complaint therefore does not state a claim upon which relief can be granted under any set of facts.

It is, therefore, ORDERED, ADJUDGED, and DECREED that plaintiff's motion to correct errors is hereby overruled this 25 day of October, 1973.

/s/ G. W. Funk, Judge, Superior Court of Mation [sic] County—Room No. 3"

Hansbrough then appealed that judgment to the Court of Appeals and on April 30, 1975, the Court of Appeals found that Hansbrough had not filed a Motion to correct errors to the court's final judgment entered on October 25, 1973, and accordingly dismissed his appeal. *Hansbrough v. Indiana Revenue Board,* (1975) 164 Ind.App. 56, 326 N.E.2d 599. Judge Funk's orders then became a final judgment in that cause.

Plaintiff Hansbrough, joined by his wife, then went to the same court and filed this action. It is the same action he raised in 1973, and it asked for the same relief. As we have indicated above, when the cause was tried after a change of venue in Hendricks County, it is apparent that those attorneys representing the State were unaware of the background facts we have set out above and did not present these facts fully to the trial judge. The Court of Appeals noted that the release filed by the Mass Transportation Authority in the original action would be dispositive of this case and should be considered by the trial judge. It is true this release is very important to the resolution of this cause. There are many other things in the record, however, that are just as important and that establish that plaintiff Hansbrough has no cause of action which entitles him to the judgment entered in the Hendricks Circuit Court. Payment of these funds to plaintiffs Hansbrough would be nothing short of piracy on the public treasury.

The Court of Appeals has within its own records the fact that this case, including the issues raised by Hansbrough here, was fully decided by them and the issues he raises herein were resolved by them in the original cause. Those records show a finding by the Appellate Court, now Court of Appeals, that the judgment was fully satisfied by payment of the full amount ordered and acknowledged by and released by the plaintiffs and attorneys involved. Furthermore, Judge Funk found in the 1973 judgment of the Marion Superior Court 3 that all of these issues resolve against plaintiff Hansbrough and this is contained in the record of the Court of Appeals.

In 1905, this Court said in *Westfall v. Wait,* 165 Ind. 353, 359; 73 N.E. 1089, 1091. "This Court may look into the record for the purpose of ascertaining what facts were before it on the former appeals and to what extent the rule applies that the decision there made is the law of the case." Two cases by the Court of Appeals followed this principle. In 1913, the Court of Appeals found in *Studabaker v. Faylor,* 52 Ind.App. 171 at 173, 98 N.E. 318, 319. "Appellate courts may search their own records on

**316**

their own motions or the suggestion of counsel." In *Bruggner, et al., v. Shaffer,* (1965) 138 Ind.App. 183, 187, 210 N.E.2d 439, 441–42, the Appellate Court reversed on the basis of its judicial notice of matters of record, even though not raised in appellant's brief, stating: "While the specific question of the stipulated facts was not raised in appellant's briefs, this court, while not required to search the record for errors is not so restricted that it must close its eyes to what is clearly before it." The Supreme Court of the United States has stated that the right of an appellate court to examine its own records for matters properly affecting proceedings before it, is apparent in *DeBearn v. Safe Deposit & Trust Co., of Baltimore,* (1914) 233 U.S. 24 at 32, 34 S.Ct. 584, at 586, 58 L.Ed. 833, as follows: "We take judicial notice of our own records, and, if not *res judicata* we may, on the principle of *stare decisis,* rightfully examine and consider the decision in the former case as affecting the consideration of this, and again, ... The court has the right to examine its own records and take judicial notice thereof in regard to proceedings formerly had therein by one of the parties to the proceedings now before it." *See also Marconi Wireless Telegraph Co., of America v. United States,* (1943) 320 U.S. 1, 63 S.Ct. 1393, 87 L.Ed. 1731; *United States v. Pink,* (1942) 315 U.S. 203, 62 S.Ct. 552, 86 L.Ed. 796.

This cause is ordered remanded to the Court of Appeals, Third District, with directions to enter judgment in favor of Appellants-Defendants and against the Plaintiffs-Appellees. Transfer granted.

DeBRULER, HUNTER and PRENTICE, JJ., concur.

GIVAN, C. J., not participating.