INDIANA REVENUE BOARD: Otis R. Bowen, as a member of the Indiana Revenue Board: Julian L. Ridlen, Treasurer of the State of Indiana and as a member of the Indiana Revenue Board: Charles Loos, Auditor of the State of Indiana and as a member of the Indiana Revenue Board; the State Board of Tax Commissioners: Carleton L. Phillippi; Durwood S. Strang; Taylor I. Morris, Jr.; as members of the State Board of Tax Commissioners of the State of Indiana; William Tracy, as Inheritance Tax Administrator; Donald Clark, as Commissioners of the Indiana Department of State Revenue, Defendants-Appellants,

v.

R. Jean HANSBROUGH and Max J. Hansbrough, on behalf of themselves and all other taxpayers of the City of Indianapolis, County of Marion, State of Indiana, similarly situated, Plaintiffs-Appellees.

No. 1–1279A350.

Court of Appeals of Indiana, First District.

April 15, 1981.

Theodore L. Sendak, Atty. Gen., Alembert W. Brayton, Deputy Atty. Gen., Indianapolis, for defendants-appellants.

Robert D. Epstein and Michael J. Donahoe, Epstein & Frisch, Indianapolis, E. Alonzo Deckard, Lind, Deckard & O'Brien, Danville, for plaintiffs-appellees.

RATLIFF, Judge.

The Indiana Revenue Board and other defendants-appellees appealed a judgment of the Hendricks Circuit Court entered on July 13, 1979, wherein that court found that the amount of $804,022.73 remained due on a judgment rendered by the Appellate Court of Indiana in Cause No. 767–A–39 on December 13, 1968, and that the sum of $451,222.17 was due as interest on said judgment. We issued an order on July 16, 1980, in this case, wherein we found that a certain release and order filed on March 5, 1970, in Cause No. 767–A–39, purported to release said judgment and we remanded this cause to the trial court to determine the validity and effect of the said release. Our Supreme Court granted transfer and by opinion filed March 10, 1981, in *Indiana Revenue Board v. Hansbrough*, Ind., 417 N.E.2d 311, remanded this cause to this court with directions to enter judgment in favor of appellants-defendants and against the plaintiffs-appellees.

Therefore, pursuant to the direction of our Supreme Court, we reverse the judgment of the Hendricks Circuit Court and order the Hendricks Circuit Court to enter a final judgment in favor of the defendants-appellants and against the plaintiffs-appellees.

Judgment entered.

NEAL, P. J., and ROBERTSON, J., concur.